No. 21513.

JAMES H. FARMER v. NORM "FAIR TRADE" STAMP, INC.,
A COLORADO CORPORATION.
(433 P.2d 490)

Decided November 13, 1967.

ROBINSON and CAPLAN, for plaintiff in error.

CHARLES A. MURDOCK, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

PLAINTIFF in error (plaintiff below) filed his claim against the defendant in error (defendant below) for damages. The lawsuit involves a New Holland baler which plaintiff acquired from the defendant, a dealer in new and used farm machinery at Longmont, Colorado. However, the defendant was not a franchised dealer of New Holland balers of which fact the plaintiff had knowledge. The baler in question, although "new" from the standpoint of not having been used for its designed purpose prior to its sale to plaintiff, had been damaged prior to acquisition by the defendant while being transported over the highway. The defendant had knowledge of the damage and that it had been repaired, but the plaintiff was unaware of the damage and repair prior to purchase. Difficulties during a summer of operation, allegedly attributable to the undisclosed damage, precipated this lawsuit.

At the trial, the jury returned a verdict in favor of the plaintiff. The trial court set the verdict aside and entered judgment for the defendant, *non obstante veredicto.* The case is before us on writ of error.

Both parties assign error in the rulings of the trial court. Plaintiff questions the correctness of the trial court's ruling setting aside a favorable verdict for the plaintiff and entering judgment for the defendant, *non obstante veredicto,* and dismissing the plaintiff's claim.

■■ The defendant by cross assignment of error has challenged the jurisdiction of the trial court to entertain the plaintiff's motion to alter or amend the court's order setting aside the verdict and entering

judgment for the defendant because of a failure to comply with the ten-day requirement of R.C.P. Colo. 59(e). The trial court has broad latitude under the provisions of R.C.P. Colo. 6(b)(2). We have examined the record and find that there was no abuse of its discretion by the trial court.

Turning now to the plaintiff's claim that the court erred in setting aside the verdict of the jury, we will detail only so much of the procedural background and additional facts as is necessary to place the alleged error in proper focus.

■ The defendant, at the close of the plaintiff's case, moved for a directed verdict on the ground "that there was insufficient evidence of the value of the property in question to permit the jury to award damages without speculation." The court reserved its ruling. At the close of the defendant's case the defendant renewed his motion for a directed verdict. At this point the court, in chambers, stated:

"* * * The Court will proceed to submit the case to Jury; however, the Defendant's Motion for a directed verdict will be ruled on by the Court at a later time and will be considered, if necessary, as a Motion for Judgment Notwithstanding Verdict * * *."

This procedure was proper and within the court's power under R.C.P. Colo. 50.

The jury returned a verdict in favor of the plaintiff, awarding both actual and exemplary damages.

Within the ten-day period following the verdict, as permitted by Rule 50, *supra*, the court set aside the verdict and entered judgment for the defendant. The plaintiff's motion to amend this order under R.C.P. Colo. 59(e) followed. It is the court's denial of this motion which provoked the writ of error.

■■ In the court's findings of fact and conclusions of law the court explains the basis for its decision in this manner:

"Concerning the issue of the insufficient proof of dam-

ages, it is the Court's understanding of the law that the Plaintiff's measure of damage in this case is the 'loss of bargain rule,' i.e., the Plaintiff is entitled to recover the difference between the actual value of what he received and the value he would have received had the property been as represented. In order that the Jury can determine the Plaintiff's damage, the Plaintiff must prove (1) the value of a new New Holland Baler and (2) prove the value of the particular baler in question, both at the time and place of the sale. It is the Court's opinion that the word, value, means 'market value at that time and that place.'

"Concerning the evidence submitted by the Plaintiff on the value of the particular machine in question, the only evidence thereof was that this machine was purchased by the Defendant for the amount of $3,125.00 on May 27, 1960, in Salina, Kansas.

"Concerning the value of a new New Holland Baler, the only evidence submitted by the Plaintiff was the testimony of the Plaintiff that the purchase price between the Plaintiff and the Defendant was $5,500.00.

"It is the Court's opinion, and the Court so finds, that proof of the amount paid by the defendant for the machine in question in Salina, Kansas, is an insufficient proof of value of the machine in question on the date when the machine was sold to the Plaintiff in Longmont, Colorado, and that the Court should have granted the Motion of the Defendant to enter Judgment for Defendant following presentation of Plaintiff's evidence."

Hence, the issue before us is the correctness of the trial court's holding that the plaintiff failed to prove the market value of the particular hay baler, in its actual condition, at the time and place of the sale. The trial court accepted the plaintiff's testimony as to the sale price of the baler as sufficient to go to the jury on the market value of a "new" baler.

We agree with the rule of law used by the trial court in deciding the issue here under discussion. Also,

we recognize that the proof of value of a new machine or of one in the condition of the machine in question may be established in a variety of ways; but, there must be some relevant evidence from which the jury can deduce what the market value of the article would be had it been sold as a new, but damaged and repaired, baler, at the time and place of sale. What it cost at a distant place standing alone does not suffice.

The plaintiff does not quarrel with the law on the measure of damages announced by the trial court and approved here. He disagrees only with the court's holding that the evidence of value presented by the plaintiff was not sufficient to establish a prima facie case and support the verdict of the jury.

As pointed out in the trial court's findings of fact, *supra,* the only evidence of the value of the hay baler in its *actual* condition at the time of sale was the amount the defendant paid another dealer for it in Salina, Kansas. The evidence disclosed that the defendant sent a representative to Salina, Kansas, to inspect the machine, report on its condition and, if satisfactory to the defendant, to buy it and haul it from Salina to Longmont.

There are numerous factors which plaintiff might have shown to give validity to the Salina sale price, at least as a starting point for the jury in arriving at the market value of the machine. We will suggest a few items merely for the purpose of pointing up the unfairness of permitting the jury to use defendant's cost alone without evidence of other material factors as a basis for the market value of the machine in the condition in which it was sold to plaintiff. For instance, there is no evidence in the record from which the jury could determine the cost of the transportation from Salina to Longmont, which we regard as a normal cost factor affecting market value.

There is no evidence as to whether the price the defendant paid to acquire the hay baler was a wholesale

or retail price or even the fair market value of such a machine at Salina. Nor was there any evidence as to whether the fair market value was approximately the same at both locations.

And since the record discloses that the defendant was engaged in the retail sale of both new and used farm machinery and equipment, would not evidence of the usual "mark up" in the trade have some bearing upon the fair market value at retail? And, of course, a qualified witness could give an opinion as to its market value.

 As the trial court pointed out, the plaintiff had the burden of proving two different "values." He had to establish the value of a "new" (defined by the court as in factory condition) hay baler, as well as the value of the hay baler in question (unused, but damaged and repaired). The difference would represent the damage sustained by the plaintiff. This is not comparable to the situation in *Colorado Kenworth Corporation v. Whitworth,* 144 Colo. 541, 357 P.2d 626, relied upon by plaintiff. *Colorado Kenworth* is a conversion case involving a tractor-trailer outfit where it was necessary only to establish a value at the time of the conversion. There, the conversion occurred within a few weeks of the sale of the converted property and under that circumstance this court held that the original cost could be shown in connection with other factors affecting value, such as the length of time it was used, the extent of repairs, and its condition at the critical time. We agree with that holding, but fail to find that the rule there announced solves the problem of the plaintiff's deficiency of proof in the instant case.

We agree with the trial court's findings of fact and application of the law to those findings.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE DAY concur.