No. 22114.

Robert L. Hipps d/b/a Bob Hipps Co. *v.* Jack L. Hennig
and Helen E. Hennig d/b/a Mountain States Bonded
Warehouse.
(447 P.2d 700)

Decided December 9, 1968.

360

H. W. Seaman, Conrad L. Ball, Robert C. Ball, for plaintiff in error.

Eugene E. Mitchell, Ernest G. Hartwell, for defendants in error.

*In Department.*

Opinion by Mr. Justice Pringle.

Robert C. Hipps, d/b/a Bob Hipps Co., an appliance retailer, brings this writ of error to a judgment which denied his claim for damages resulting from the loss of his merchandise in a warehouse fire. The warehouse owners, Jack L. Hennig and Helen E. Hennig, d/b/a

Mountain States Bonded Warehouse, appear here as the defendants in error, and will be referred to collectively as Hennig.

The record discloses that over a period of time in 1962 and 1963 Hipps stored appliances in Hennig's warehouse. On October 24, 1963, the warehouse and Hipps' appliances contained therein worth approximately $29,000 were destroyed by fire. Hipps thereupon brought an action against Hennig contending that (1) Hennig had represented to him that the stored items were insured against loss and that he (Hipps) relied on this representation, and (2) that Hennig failed to exercise proper care in operating the warehouse and that his (Hipps') loss occurred because of such failure on the part of Hennig. Trial was to the court, which found against Hipps on both of his contentions.

Hipps contends here (1) that the method of operation of the warehouse constituted negligence on the part of Hennig, as a matter of law, and (2) that the judgment should be set aside because it is not supported by adequate conclusions of law. We find no error in the trial court's judgment and affirm.

I.

Both parties assumed during the course of the trial and in their briefs that the transaction between them resulted in a bailment subject to the provisions of C.R.S. 1963, 147-2-1, and 147-2-14. Insofar as the procedural aspects of the case are concerned, the rule is clear in Colorado that once goods are delivered in good condition to a warehouseman who accepts them, but cannot redeliver them, or can redeliver them only in a damaged condition, a presumption of negligence on the part of the warehouseman arises, and the burden of going forward with evidence to rebut that presumption rests on the warehouseman. There is, however, no shift in the burden of proof, which still remains with the plaintiff. *Bankers Warehouse Company v. Bennett,* 148 Colo. 323, 365 P.2d 889; *Wheelock Bros., Inc. v.*

*Bankers Warehouse Co.,* 115 Colo. 197, 171 P.2d 405, 168 A.L.R. 939; and *Nutt v. Davison,* 54 Colo. 586, 131 P. 390, 44 L.R.A. (n.s.) 1170. Hipps established a *prima facie* case by proving the bailment and Hennig's failure to redeliver the merchandise upon demand.

To rebut the presumption of negligence, Hennig adduced testimony that the warehouse was old but in good condition. Wiring which had hung from the ceiling had been removed, and new fixtures had been installed. Most of the wooden floor had been covered by four-inch reinforced concrete, and the interior had been whitewashed. There were sixteen soda ash fire extinguishers in the building, and all had been charged within the six or eight months prior to the fire. At each end of the building was a 2½ inch standpipe on each floor, with a hose either twenty-five or fifty feet long. Additional hose lay close to the standpipe. On the second floor and in the basement were six water-filled barrels and fire-buckets to serve them. The building was kept clear of debris and rubbish. The fire inspector testified that they found no fault with the condition and operation of the warehouse so far as fire hazard was concerned. Fire department officials also testified that in their opinion the fire had been "set."

The applicable statutory standard of care, as both parties agree, is set forth in C.R.S. 1963, 147-2-14. Its pertinent provisions require that a warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonable, careful owner of similar goods would exercise, but he shall not be liable, in the absence of an agreement to the contrary, for any loss to the goods which could not have been avoided by the exercise of such care.

Hipps argues that in view of some of the findings of fact made by the trial court, Hennig, as a matter of law, failed to exercise the care required by the statute. He points out that the trial court found that

the warehouse was operated in an old remodeled building, owned by Hennig; that there was neither a night watchman nor automatic fire prevention equipment, and that there was no one on duty at all times to operate the existing manual equipment; that other persons had keys to the warehouse; that the keys were used at times when there was no one under Hennig's supervision in the warehouse. Hipps argues with much earnestness that the wide distribution of keys to the warehouse was in itself negligence, requiring a verdict in his favor. But we cannot say that Hennig was required to foresee, as a matter of law, that the distribution of keys to other tenants or users of the building could result in a fire being "set," if indeed it was, by one of the other tenants or users of the building during the evening of October 24. See Restatement (Second) of Torts, § 448; *Bellows v. Worcester Storage Co.*, 297 Mass. 188, 7 N.E.2d 588. Nor can we say that as a matter of law all warehousemen must employ a night watchman or put in an automatic sprinkler system, and that the failure to do so subjects the warehouseman to liability for any fire which occurs on the premises.

We have stated so often that it no longer needs citations of authority that the issues of negligence and proximate cause are to be resolved by the trier of the fact, and that upon review we must view the evidence in the light most favorable to the party in whose favor the trier of the fact resolved the inferences to be drawn from the evidence. Only in the clearest cases where the facts are undisputed and reasonable minds could draw but one inference from them can this Court reach a conclusion of what constitutes reasonable care or proximate cause different from the one reached by the trier of the fact.

On the basis of the evidence, the trial court, sitting without a jury, found that Hennig at all times exercised such care as a reasonable, careful owner of similar goods would exercise, and that the goods were

destroyed by a fire which could not have been avoided by the exercise of such care. After analyzing the record and considering the evidence, we cannot say that as a matter of law Hennig was negligent, or that, if negligent, his negligence caused the fire or the destruction of the goods. The trial court's finding, therefore, cannot be set aside by us.

II.

 We find no merit in Hipps' argument that the judgment must be set aside because it was not supported by conclusions of law, as required by R.C.P. Colo. 52(a). The Rule requires that in all actions tried upon the facts without a jury, the court shall find the facts and state its conclusions of law, and direct the entry of the appropriate judgment. The trial court, in its discretion, may make either written or oral findings of fact and conclusions of law. If they are made orally, they must be transcribed in full. Whether made orally or in writing, they must be made so explicit as to give this Court an opportunity to determine on what ground the trial court reached its decision, and whether that decision was supported by competent evidence. See *Mowry v. Jackson,* 140 Colo. 197, 343 P.2d 833.

In the present case the trial court entered written findings of fact but failed to set out conclusions of law in its decree. Thereafter Hipps filed a motion for a new trial and a motion to alter and amend the judgment. At the hearing on the motions, the trial judge did state appropriate conclusions of law, and held that Hipps had not sustained his burden of proof. He went farther to repeat orally the written findings that Hennig had at all times exercised such care as a reasonable, careful owner of similar goods would have exercised, and that the goods were destroyed by a fire which could not have been avoided by the exercise of such care.

All of the findings of fact and conclusions of law entered orally have been reported in the transcript. Since they are sufficiently comprehensive to provide a

basis for a review, the requirements of R.C.P. Colo. 52(a) have been satisfied. See *Mowry v. Jackson, supra.*

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE GROVES concur.