491 P.2d 612 (1971)
Paul Roland CHABOT, Plaintiff-Appellee,
v.
WILLIAMS CHEVROLET COMPANY, Inc., Defendant-Appellant.
No. 70-605.
Colorado Court of Appeals, Div. I.
December 7, 1971.
*613 Murphy, Morris & Murphy, John Patrick Murphy, Colorado Springs, for plaintiffappellee.
Horn, Anderson & Johnson, Louis Johnson, Colorado Springs, for defendant-appellant.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This is an appeal from a judgment in favor of Chabot (bailor) and against Williams Chevrolet, Inc. (bailee) in an action by the bailor to recover for damages to his automobile while it was in the custody of the bailee for repairs. Bailor alleged that he left his car with bailee for repairs, that the car was parked by bailee in a lot adjacent to bailee's garage and that on two separate nights, while so parked, the car was broken into and stripped by unknown parties. He further alleged that the resulting damages were caused by the negligence of the defendant bailee.
He further alleged that the bailee made partial repairs relative to the above damage and sought to charge bailee $482.76 therefor. His total damages amounted to $334 in excess of the $482.76. The bailee admitted the bailment and the charge for repairs, denied all other allegations, and counterclaimed for $482.76. Trial was had to the court which entered judgment in favor of bailor for $816.76 and in favor of bailee on its counterclaim for $482.76, which was set off against bailor's judgment leaving a net judgment for bailor of $334. The bailee seeks reversal of the judgment in favor of bailor. We affirm.
The facts were stipulated at trial to be that the car was left by bailor with the bailee for repairs under a warranty; that while awaiting the repairs it was parked, locked, on an open, unfenced, and welllighted lot adjacent to the improvements of bailee. Further, after the car had been so parked for about two weeks, parts were stolen from it, and that one week later additional parts and accessories were stolen from the car. It was further stipulated that there were about fifteen other customer cars and 300 to 400 new and used cars belonging to the bailee parked in the same lot and that bailee had a fenced lot in which he parked cars belonging to him which had just been delivered and were not processed for show or delivery to customers. Also, it was stipulated that at the time of the thefts there was no patrol of the area but that a dog was kept in the fenced area and that this method of parking cars was the standard method of operation for automobile dealers and garages in the area. Finally, it was stipulated that after the bailee repaired the car, it was parked in the fenced area. There was no dispute as to the amount of the damages or the repair bill.
The sole issue then remaining to be determined by the trial court was whether the bailee was guilty of any negligence which would permit bailor to recover. *614 This issue was determined in favor of bailor. On appeal the bailee asserts that the trial court erroneously placed the burden of proof on the bailee to establish an absence of negligence, and claims that the fact that it met the operational standards followed by others in the community established that it was not guilty of negligence as a matter of law.
As to the first assertion, the trial court did not place the burden of proof on the bailee. In its conclusions it stated, "[T]he duty of the defendant to overcome the presumption of negligence has not been met." The duty to overcome the presumption of negligence was on the bailee. In Hipps v. Hennig, 167 Colo. 358, 447 P.2d 700, our Supreme Court held that when goods are delivered to a bailee in good condition and he can redeliver them only in a damaged condition, a presumption of negligence on the part of the bailee arises, and stated, "* * * the burden of going forward with evidence to rebut that presumption rests on the [bailee]." There was, therefore, no error by the trial court in placing this burden of going forward on the bailee. Further, there was no error in the conclusion of the trial court that, on the stipulated facts, the damage to the auto resulted from the negligence of the bailee.
The fact that the bailee met the operational standards followed by others in the community did not, as a matter of law, establish a lack of negligence by the bailee. It was merely one of the factors to be considered by the trier of fact. "It is not to control the judgment of the jury, [or the court without a jury] if they see that in the case under consideration it is not such conduct as a prudent man would adopt in his own affairs, or not such as a due regard to the obligations of those employed in the affairs of others would require them to adopt." Maynard v. Buck, 100 Mass. 40. See Denver and Rio Grande Western Railroad Co. v. Lloyd, 148 Colo. 1, 364 P. 2d 873, wherein it is stated, "It is axiomatic that one may not promulgate rules or establish customs, practices, or usage, or adopt constructions thereof so as to absolve himself of his own negligence."
Our Supreme Court also stated in Burke v. South Boulder Canon Ditch Co., 71 Colo. 58, 203 P. 1098, "On an issue of negligence the defendant cannot prevail by showing that someone else has committed the same act as that which is charged as an act of negligence."
The trial court, after considering all the evidence determined the issues of negligence and proximate cause in favor of the bailor. We must therefore review the evidence in the light most favorable to the prevailing party and can reach a different conclusion only where reasonable minds could draw but one inference from the undisputed facts. Hipps v. Hennig, supra. Such is not the case here.
Judgment affirmed.
DWYER and PIERCE, JJ., concur.