Ralph V. KENT and Eugene R. Wright, Plaintiffs-Appellees,

v.

Virgil FLICKINGER, Defendant-Appellant.

No. 71-1021.

United States Court of Appeals, Tenth Circuit.

Jan. 20, 1972.

Rehearing Denied Feb. 10, 1972.

Darrell D. Thomas, Colorado Springs, Colo. (Robert W. Johnson, Aurora, Colo., on the brief), for defendant-appellant.

William R. Jones, Wheatland, Wyo. (Samuel J. Anderson, Fort Collins, Colo., on the brief), for plaintiffs-appellees.

Before JONES *, HILL and BARRETT, Circuit Judges.

* Of the Fifth Circuit, sitting by designation.

HILL, Circuit Judge.

This breach of contract action was commenced in the District of Colorado by appellees, Kent and Wright, against appellant, Flickinger, for failure to assign to Kent and Wright certain land leases and forest permits in accordance with a written agreement. After a jury trial, appellees recovered $59,344.33 as the value of the unassigned leases and forest permits.

Under the evidence in the record, the parties entered into an agreement in writing whereby an exchange of properties was provided. Flickinger was to receive Kent and Wright's interest in a combination bowling alley, restaurant, bar, lounge and liquor store located in Cheyenne, Wyoming, and Kent and Wright were to receive Flickinger's interest in a ranch known as "Gore Valley Ranch, "located near Kremmling, Colorado. The agreement described the ranch properties as consisting of 8,000 acres deeded land and 24,000 acres of Bureau of Land Management and State of Colorado leases and forest permits. After the transaction was concluded on July 21, 1967, Kent and Wright discovered that there was a shortage of 8,350 lease and permit acres. They subsequently brought this action alleging the above shortage in acreage, that is, that Flickinger had breached his contract in that respect.

In this appeal, Flickinger in summary urges (1) that the doctrine of merger prevents the maintenance of this action; (2) that Kent and Wright waived any right to claim damages for breach of contract by knowingly accepting a less quantity of land and are estopped to assert such breach of contract; and (3) that the evidence is insufficient to support the jury's award of damages.

We will first consider appellant's issue of merger. This affirmative defense was properly raised during the trial of the case and may be briefly stated. Appellant contends under the doctrine of merger the execution, delivery and acceptance of the deed provided for in the contract is deemed prima facie full execution of the prior executory contract. The important fact here is that the leases and permits could not be transferred by deed but only by assignment with the approval of the concerned governmental agencies. Upon the facts present here, the Colorado Supreme Court has held that if the delivery of the deed is one of several acts to be performed in accordance with a contract, the delivery of the deed constitutes only part performance of the contract and other acts to be performed remain obligatory.[1]

In the City of Westminster case, the Colorado Supreme Court succinctly stated the rule applicable here, "those covenants in the antecedent contract which are not intended by the parties to be incorporated in the deed, or which are not necessarily satisfied by the execution and delivery of the deed, are collateral agreements and are preserved from merger." Therefore, the application of the merger doctrine was correctly refused by the trial judge.

Flickinger further asserts Kent and Wright waived any cause of action for breach by their knowing acceptance of leases and permits containing less than the represented 24,000 acres. Prerequisite to waiver, however, is knowledge of falsity of the representations.[2] Under the contract, the leases and permits were to be assigned to Kent and Wright on or before 90 days from the recordation of the deed. Our search of the record fails to reveal that knowledge of the shortage could be definitely attributed to Kent and Wright. The leases and permits had been delivered to their attorney. We fail to find, however,

---

1. City of Westminster v. Skyline Vista Develop. Co., 163 Colo. 394, 431 P.2d 26 (1967) ; Glisan v. Smolenske, 153 Colo. 274, 387 P.2d 260, 263 (1963).

2. Ponder v. Altura Farms Co., 57 Colo. 519, 143 P. 570 (1914).

that Kent and Wright, or their attorney, was put on notice that this was the total property contained in the Gore Valley Ranch. In our consideration of this case, we procured a copy of the trial transcript. From that transcript we must conclude that the trial judge properly and adequately instructed the jury as to the law pertaining to Flickinger's affirmative defenses of waiver and estoppel and submitted those defenses to the jury. From the evidence, the jury rejected such defenses, and we are not disposed to disturb those factual findings by the jury.

■ Flickinger lastly assaults the jury's award of damages to Kent and Wright, contending there was insufficient competent evidence by which the jury could measure the damage. He asserts that before any damages may be awarded on an exchange of property under the Colorado measure of damage rule,[3] the value of the property as represented in the contract and the value of what was received must be proved and damages computed on the difference. We must agree.

■ From the briefs and arguments, the parties agree in this case the proper measure of damages is the "benefit of the bargain rule", or sometimes known as "loss of bargain rule".[4] The parties further agree that the plaintiffs in this type of litigation have the duty of proving their damages with reasonable certainty; in other words, their proof of damages must afford a reasonable basis from which the fact finder may compute damages.[5] These are the fundamental rules of law applicable to this issue in the case.

■ As recited above, we have not only considered the part of the record brought up, but we have carefully considered the entire trial transcript in our search for some evidence to support the award of damages.

There is, of course, the evidence of the sale by Flickinger to Kent and Wright, with all of the details concerning the various items making up the total consideration passing from Kent and Wright to Flickinger. We find no evidence at that point from which the short lease and permit land may be separately evaluated. The same is true as to the evidence in the record concerning the subsequent sale by Kent and Wright to Hill. Further, we find no expert testimony in the record from which a separate valuation of the short lease and permit land could possibly have been made. In our judgment, there is no competent evidence in the record to support the award of damages by the jury. Under the facts of this breach of contract action, it appears to us to be a simple matter, by the use of competent and qualified experts, to fix a value of the ranch spread, both including and excluding the short lease and permit acres, thus giving the jury a reasonable basis for awarding damages.

The judgment of the trial court, insofar as the liability for breach of contract is concerned, is affirmed. That portion of the judgment awarding damages is set aside, and the case is remanded to the trial court for a new trial only on the issue as to the amount of damages to be recovered by Kent and Wright.

3. ". . . the 'loss of bargain rule', i. e, the Plaintiff is entitled to recover the difference between the actual value of what he received and the value he would have received had the property been as represented." Farmer v. Norm "Fair Trade" Stamp, Inc., 164 Colo. 156, 433 P.2d 490, 491 (1967).

4. Farmer v. Norm "Fair Trade" Stamp, Inc., 164 Colo. 156, 433 P.2d 490 (1967).

5. Shurtenda Steaks, Inc. v. Walkling Corporation of Colorado, 472 P.2d 156 (Colo. 1970).