501 P.2d 135 (1972)
James E. WARREN and Sarah G. Warren, Plaintiffs-Appellees,
v.
FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, a corporation, Defendant-Appellant.
No. 71-335.
Colorado Court of Appeals, Div. I.
September 6, 1972.
Keller & Dunievitz, Lionel Dunievitz, Denver, for plaintiffs-appellees.
Duane O. Littell, Peter F. Jones, Denver, for defendant-appellant.
Selected for Official Publication.
SMITH, Judge.
Seeking recovery for the loss by fire of molds for making fiberglass car bodies, James and Sarah Warren successfully sued on a homeowners' policy of insurance issued by Farmers Alliance Mutual Insurance Company. At trial, there was no dispute over the issuance of the policy, the fact that it was in effect at the time of the fire, and that the molds were destroyed by the fire. Defendant refused payment on the basis that the policy did not cover the loss because of language in the policy, which states:
"This policy covers unscheduled personal property . . ., while on the described premises and, at the option of the Named Insured, owned by others while on the portion of the premises occupied exclusively by the insured.
This coverage also includes such unscheduled personal property while elsewhere than on the described premises, anywhere in the world:
1. owned or used by an insured;
. . . .
. . . .
This coverage excludes: . . .
7. business property while away from the described premises; . . ."
The defendant alleged that plaintiffs treated the making of car bodies as a business and that the molds were destroyed in a fiberglass factory, not at plaintiffs' home.
Trial was to the court without a jury. The court found that plaintiff James Warren was self-employed in the oil business, and that this was the activity from which he made his living, that he did not race sports cars for money, and that his manufacture of the car bodies was in the pursuit of a hobby, not a business. The court concluded, therefore, that the loss was covered by the policy and entered *136 judgment for plaintiffs. Defendant appeals from this judgment. We affirm.
At trial, plaintiffs presented three witnesses, while defendant presented none. Plaintiff James Warren testified that he participated in amateur sports car racing, and, because of his interest in racing, designed a fiberglass car body for his own use. This involved the building of a "plug" from which a female fiberglass mold was constructed. He contracted with a fiberglass company to make the female mold and from that mold to produce a car body which he mounted on his own car and raced with it. Several racing enthusiasts who viewed this car body requested him to make bodies for them from the mold. Charging much less than the price of comparable car bodies, and little more than the actual cost of production and delivery of the body, he eventually made car bodies for a total of eighteen people. The mold was kept at the location of the fiberglass contractor where it was subsequently destroyed by fire.
Defendant contends that the finding of the trial court that plaintiff was engaged in a hobby and not a business was error.
Although there was evidence from which the trial court could have found that the manufacture of the automobile bodies may have been a business pursuit, the plaintiffs' main economic support was income from the oil business. The testimony was undisputed that the car bodies were sold at considerably less than market value, and that plaintiff only sought to recover this cost in providing them for others. Warren further testified that his main incentive for engaging in the production of the bodies was the pride and enjoyment he derived from seeing them in use and from helping other people mount them on their sports cars.
The determination of whether James Warren's manufacture of car bodies was a business or hobby was a question of fact for the trial court. In a trial to the court, the sufficiency, probative effect and weight of all the evidence, and the inferences and conclusions to be drawn therefrom are conclusions for the trial court. Although our conclusion from the evidence might differ, the trial court's determination will not be disturbed on review unless so clearly erroneous as to find no support in the record. Hipps v. Hennig, 167 Colo. 358, 447 P.2d 700; Thiele v. State of Colorado, Colo.App., 495 P.2d 558.
Judgment affirmed.
SILVERSTEIN, C. J., and DWYER, J., concur.