537 P.2d 1087 (1975)
COLORADO KENWORTH, INC., a Colorado Corporation, Plaintiff-Appellant,
v.
George E. HUNTLEY, Defendant-Appellee.
No. 74-203.
Colorado Court of Appeals, Div. II.
May 20, 1975.
Rehearing Denied June 18, 1975.
Certiorari Denied August 5, 1975.
*1088 Belmore T. Martin, Denver, for plaintiff-appellant.
Friedman, Bader & Dufty, R. Gregory Stutz, Denver, for defendant-appellee.
Selected for Official Publication.
KELLY, Judge.
Plaintiff, Colorado Kenworth, Inc., appeals from an adverse judgment of $3,000, entered on defendant Huntley's counterclaim after trial to the court. We affirm.
Kenworth sued Huntley for the balance of the purchase price of a 1960 Peterbilt truck-tractor. It was undisputed that the total price was $6,000 and that Huntley made a $3,000 cash down payment, the balance being the trade-in value of a 1954 truck owned by Huntley. Kenworth, alleging that Huntley refused to deliver title to his 1954 truck, sought judgment for the balance due on the purchase price. Huntley counterclaimed and alleged that Kenworth had falsely represented that the 1960 Peterbilt truck had recently had a major overhaul. Prior to trial, the parties stipulated that Huntley's 1954 truck had been sold by Kenworth and that the proceeds would be held by Kenworth's attorney for payment to the party who prevailed in the lawsuit.
The trial court found, on conflicting evidence, that the representation had been made and that it was false. The trial court further found that $3,000 would be required to give Huntley the benefit of his bargain and it entered judgment accordingly.
Kenworth appeals, contending that the essential elements of fraud were neither established by the evidence nor found by the trial court and that there was insufficient evidence of damages under the measure of damages applicable in fraud cases. We do not agree.
Kenworth, relying on Morrison v. Goodspeed, 100 Colo. 470, 68 P.2d 458, 71 P.2d 154, argues that the evidence was insufficient to establish every element of fraud. The record here does not support this argument. There was ample testimony to support the finding that the plaintiff falsely represented a material fact to defendant, with knowledge that it was false, and that defendant relied on the representation and was damaged thereby.
Before coming to Denver, Huntley telephoned Kenworth from South Dakota to inquire about a truck in the $6,000 range, and Kenworth's representative told him that they had a truck suitable to his needs. After arriving in Denver, Huntley and his wife spent an entire day on the Kenworth used truck lot, inspected the truck, and asked numerous times about its condition. Both Huntley and his wife testified that Kenworth's salesman told Huntley several times that the truck had recently had a major overhaul. The evidence is uncontroverted that the truck engine had not been overhauled and that the salesman was fully aware of the truck's repair record.
It is clear that the defendant was without knowledge of the truth of the matter. The evidence shows that the engine had a clean appearance and the only way Huntley could have tested the veracity of the salesman's statements would have been to remove and inspect the engine. Huntley asked the salesman to allow him to test drive the truck, but the salesman refused, telling him that the truck needed some minor repairs before it could be taken out on the road. In addition, there were repair records on the truck, but Huntley neither knew nor was informed about them.
There can be no question that the defendant relied on plaintiff's false representation. Both Huntley and his wife testified that they would not have considered buying the truck if they had not been told that it had been recently overhauled. Moreover, Huntley had recently talked to other dealers and was satisfied that this truck, with a major overhaul, was worth the asking price.
*1089 The record also shows that defendant suffered damages. Soon after he bought the truck, it developed major engine problems. Huntley was told by a mechanic who inspected the engine that it was worn out. He was advised either to have it overhauled or to install a rebuilt engine, and he chose the latter course of action.
A proper measure of damages in an action for fraud is the difference between the actual value of the property and the value it would have had if it had been as represented at the time and place of the sale. Farmer v. Norm "Fair Trade" Stamp, Inc., 164 Colo. 156, 433 P.2d 490; sections 4-2-714 and 721, C.R.S.1973 (C.R.S.1963, XXX-X-XXX and 721). Evidence to establish this measure of damages may take different forms. In this case, there was testimony by an expert that the fair market values of similar trucks ranged from $3,500 for a truck without a major overhaul to $7,500 for one with an overhaul, at the time and place of the sale. This was sufficient evidence to support the trial court's award of $3,000 damages to Huntley for his loss of bargain. See Farmer v. Norm "Fair Trade" Stamp, Inc., supra.
When trial is to the court and the evidence is conflicting, it is the province of the trial court to resolve the factual issues, and to determine the credibility of the witnesses, the sufficiency of the evidence and the inferences to be drawn therefrom. The findings based thereon will not be disturbed on appeal unless manifestly erroneous. Broncucia v. McGee, 173 Colo. 22, 475 P.2d 336. There was no such error here.
The trial court properly inferred that there was fraud, based on the circumstances and facts surrounding the transaction, Zimmerman v. Loose, 162 Colo. 80, 425 P.2d 803, and from the relationship of the parties. Hinshaw v. Hinshaw, 148 Colo. 262, 365 P.2d 815.
While it is true that the trial court did not make written findings of fact and that its oral recitation of findings from the bench did not separately address each of the elements of fraud, the findings were sufficient to satisfy the requirements of C.R.C.P. 52(a). The purpose of the rule is to enable the appellate court to determine the basis of a trial court's decision, Hipps v. Hennig, 167 Colo. 358, 447 P.2d 700, and failure to comply literally with the rule is not necessarily reversible error. Thiele v. Denver, 135 Colo. 442, 312 P.2d 786. Here, the trial court's findings, while general in nature, are sufficient to show the basis for the judgment entered and are supported by the evidence. See Mowry v. Jackson, 140 Colo. 197, 343 P.2d 833.
Judgment affirmed.
SILVERSTEIN, C. J., and VAN CISE, J., concur.