Evelyn K. CHRISTENSEN, Plaintiff-Appellee,

v.

Ruth F. HOOVER, Harold T. Hoover, and Richard Slatten, Individually and d/b/a Liberty Moving and Storage, Defendants-Appellants.

No. 78–664.

Colorado Court of Appeals, Division III.

Dec. 28, 1979.

Rehearing Denied Jan. 17, 1980.

Certiorari Granted March 17, 1980.

James L. Aab, Wheat Ridge, for plaintiff-appellee.

Roger P. Barrick, Boulder, for defendant-appellant Richard Slatten.

Herman Rothstein, Commerce City, for defendants-appellants Ruth F. Hoover and Harold T. Hoover.

SMITH, Judge.

Defendants appeal a money judgment entered against them jointly and severally for damage caused to plaintiff's personal property. We affirm in part and reverse in part.

Plaintiff was a tenant in a property owned by defendants, the Hoovers. In December 1976, Hoovers commenced a forcible entry and detainer action to regain possession of their premises. After judgment, a writ of restitution was entered and was executed on December 14, 1976. On that date Mr. Hoover contracted with defendant Slatten, d/b/a Liberty Moving and Storage, to move and store plaintiff's property. They and a deputy sheriff from Arapahoe County, arrived at the premises and posted the writ. Slatten, removed all of plaintiff's belongings and placed them in a storage facility where they remained until February 11, 1977, when plaintiff reclaimed them.

In March 1977, plaintiff brought this action alleging that her property had been damaged by Slatten and the Hoovers either during the move or while the property had been stored.

### I.

The Hoovers assert that the trial court erred in finding them liable. We agree.

The trial court specifically concluded that Slatten was the Hoovers' agent and therefore held that they were jointly and severally liable with him. This conclusion of law was incorrect.

■ Slatten, a professional mover, and his employees had total control over how the goods were removed, loaded, transported, and stored. He therefore was an independent contractor and not an employee or agent of the Hoovers. *Dumont v. Teets,* 128 Colo. 395, 262 P.2d 734 (1953). His negligence, therefore, is neither imputable to the Hoovers, nor are they responsible for it. *Western Stock Center, Inc. v. Sevit, Inc.,* 195 Colo. 372, 578 P.2d 1045 (1978). Thus the trial court erred in imposing liability on the Hoovers under an agency theory.

■ Furthermore, the Hoovers are not independently liable based upon their own acts or upon the landlord-tenant relationship. By failing to surrender the property, it was the tenant who placed the landlord in the position of having to take possession and remove the tenant's effects so that he might regain his, the landlord's, premises. The landlord, then, as an involuntary bailee, should not be forced to bear the risk of damage to the tenant's property unless he maliciously or wilfully or through gross negligence causes that damage. *See Days v. Hall,* 67 N.Y.S.2d 238 (Sup.1946).

Here, there was no evidence of any wilful or malicious act on the part of the Hoovers which caused damage to plaintiff's property. Furthermore, the Hoovers, by employing a professional mover, without having any reason to believe that the mover would act irresponsibly, cannot be accused of negligence, much less of gross negligence. Hence, the judgment against them based upon a negligence theory cannot stand.

### II.

■ Although judgment against the Hoovers must be reversed, that reversal as to them does not, ipso facto, affect the determination that defendant Slatten, a bailee for hire, is liable. A bailee's obligation runs to the property bailed, and not solely to the bailor. When one holds title paramount to that of the bailor, the bailee's obligation runs to the paramount titleholder as well. *See Wheelock Bros., Inc. v. Banker's Warehouse Co.,* 115 Colo. 197, 171 P.2d 405 (1946). Thus, plaintiff, the actual owner of the bailed property, may seek recovery in damages against Slatten as the bailee of her goods.

To recover, plaintiff must show that Slatten negligently damaged her property, but she is aided by the fact that, when goods are returned by a bailee for hire in more damaged condition than that in which she received them, a presumption of negligence on the part of the bailee arises. *Chabot v. Williams Chevrolet Co.*, 30 Colo.App. 277, 491 P.2d 612 (1971). Upon such a showing, the burden rests upon the bailee to rebut that presumption by going forward with evidence to show how the damage was caused.[1] *Chabot, supra.*

The evidence as to the condition of the property prior to the removal and storage by defendant Slatten, and subsequent thereto, was disputed. Plaintiff presented testimony and photographic exhibits which showed the poor condition in which the property was found when she went to retrieve it as compared with the condition the property was in when she saw it last. In addition, she presented testimony as to the monetary value of the damage to her property.

Based upon the conflicting evidence in the record, we conclude that the trial court committed no error in finding that: "In the process of removing, transporting and storing of plaintiff's possessions, certain damage occurred which amounted to the sum of $1,025.00." *Broncucia v. McGee*, 173 Colo. 22, 475 P.2d 336 (1970).

Once plaintiff established the fact that Slatten redelivered the goods in a condition worse than when he received them, the presumption arose that the damage to the property had been the result of the bailee's negligence and the burden of rebutting that presumption became his. *Chabot, supra.* Slatten did not rebut this presumption by showing how the damage occurred, but merely denied that he had caused it. This denial was insufficient by itself to overcome the presumption, and thus the judgment against Slatten was proper.

We have considered other assertions of error raised by the defendants and have found them to be without merit.

The judgment is affirmed insofar as it relates to defendant Slatten, and is reversed as to the defendants Hoover.

VAN CISE and STERNBERG, JJ., concur.

---

1. After January 1, 1980, reference should be made to Colorado Rules of Evidence (C.R.E.) 301 for the manner in which presumptions shall, in general, be handled.