In re the MARRIAGE OF Eugene J. VAN CAMP, Appellee,

and

Dorothy D. Van Camp, Appellant.

No. 79CA1008.

Colorado Court of Appeals, Div. III.

Aug. 6, 1981.

Minor & Brown, John H. Brown, Curtis E. Knudsen, Denver, for appellee.

Bettenberg, Miller, Makkai & Dowdle, Robert T. Bettenberg, Dennis M. Miller, Denver, for appellant.

KELLY, Judge.

Dorothy D. Van Camp appeals an award of maintenance granted by the trial court in a dissolution proceeding. Because her C.R.C.P. 59(e) motion to alter or amend the judgment was untimely, we dismiss the appeal.

On June 28, 1979, the dissolution decree was entered. On July 16, appellant filed a motion for extension of time to file a motion for a new trial or a motion to alter or amend. The court granted an extension until August 12, 1979. On August 10, appellant filed a motion for extension of time to file a motion for a new trial. The court granted an extension until August 20, 1979. On that date, appellant filed a motion to alter or amend judgment.

C.R.C.P. 6(b) explicitly divests the trial court of jurisdiction to extend the fifteen-day period provided for in C.R.C.P. 59(e). *Vanadium Corp. v. Wesco Stores Co.*, 135 Colo. 77, 308 P.2d 1011 (1957); 6A *Moore's Federal Practice* ¶ 59.04[3] (2d ed. 1979). That rule provides that the court may enlarge the time allowed to make a motion "but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d) and (e), 60(b), except to the extent and under the conditions therein stated." C.R.C.P. 59(e) does not state any conditions under which a court may extend or enlarge the time.

Although the cases interpreting C.R.C.P. 6(b) appear to be inconsistent, a look at the history of the rule and its repeated amendments explains the divergent results perceived in the cases. *Compare Vanadium Corp. v. Wesco Stores Co., supra, with Farmer v. Norm "Fair Trade" Stamp, Inc.*, 164 Colo. 156, 433 P.2d 490 (1967). When *Vanadium Corp. v. Wesco Stores Co., supra,* was decided, the then existing Rule 6(b) provided that actions under Rules 25, 50(b), 52(b), 59(b) and 60(b) could not have their time enlarged except under the conditions stated in those rules. However, in 1964, the rule was amended to allow enlargement of time by the court in all motions except those under Rules 25 and 60(b). *See* C.R.S. 1963 (Vol. 1). It was under that amended rule that *Farmer v. Norm "Fair Trade" Stamp, Inc., supra,* was decided, where the court ruled that the trial court had broad latitude to enlarge the time to file a Rule 59(e) motion. After that decision, Rule 6(b) was again amended to include motions under Rule 59(e), as well as other motions where the time may not be enlarged. C.R.C.P. 6(b). Thus, this amendment to C.R.C.P. 6(b) revitalizes the holding of *Vanadium Corp. v. Wesco Stores Co., supra.*

The intent of the Rules of Civil Procedure is "to prescribe definite, short time periods for the making of motions that destroy the finality of a judgment and toll the running of appeal time." 6A *Moore's Federal Practice* ¶ 59.04[3] at 59–17 (2d ed. 1979). A C.R.C.P. 59(e) motion falls within that category.

Here, appellant's motion was unequivocally a C.R.C.P. 59(e) motion. The relief requested was for the trial court to "alter or amend its Judgment in accordance with the specifics requested herein." There was no request for alternative relief.

Since there is no timely motion for a new trial or motion to amend, this court is without jurisdiction to hear this appeal. C.R.C.P. 59(f); *see* C.A.R. 4.

Accordingly, the appeal is dismissed.

BERMAN and KIRSHBAUM, JJ., concur.