Mary **SCHOONOVER**,
Plaintiff-Appellee,

v.

**HEDLUND ABSTRACT COMPANY, INC., a Colorado corporation,**
Defendant-Appellant.

**No. 85CA0593.**

Colorado Court of Appeals,
Div. I.

Aug. 21, 1986.
Rehearing Denied Sept. 18, 1986.

Haskell & Crandell, Ralph E. Crandell, Denver, for plaintiff-appellee.

George J. Francis, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Hedlund Abstract Company, Inc., appeals from the trial court order denying attorney fees and costs following plaintiff's confession of defendant's motion for summary judgment. We affirm.

On June 1, 1984, plaintiff commenced this C.R.C.P. 105 proceeding seeking a complete adjudication of the rights of certain parties with respect to real property located in Lincoln County, Colorado. The proceeding was allegedly necessitated by defendant's issuance of a document which erroneously listed the owners of mineral interests in the property.

A hearing on an amended motion for summary judgment together with an amended motion for attorney fees and costs was conducted on March 11, 1985. At that time, plaintiff confessed judgment on defendant's motion for summary judgment, and after hearing, the trial court denied defendant's motion for attorney fees and costs.

Asserting that plaintiff and her counsel knew prior to commencement of the proceeding that defendant had not prepared the list of mineral interest owners, defendant contends that it is entitled to attorney fees under Colo.Sess.Laws 1977, ch. 189, § 13–17–101(3) at 797, and under C.R.C.P. 11. We disagree.

## I.

Under the statute at issue, a trial court may award attorney fees if it finds that the bringing and maintaining of an action was frivolous or groundless. *Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984). The determination whether an award of attorney fees based upon the bringing or maintaining of a frivolous or groundless claim is warranted is discretionary with the trial court, and its decision will not be disturbed on appeal if supported by the evidence. *Western United Realty, Inc. v. Isaacs, supra; Montgomery Ward & Co. v. State*, 675 P.2d 318 (Colo.App.1983).

In denying defendant's request for attorney fees and costs, the trial court found that, at the time of filing the complaint, plaintiff had made inquiry as to which abstract company had prepared the list of mineral interest owners; that her inquiries had not been fruitful so she joined defendant because it was the only abstract company which then existed in Lincoln County; that, upon receipt of defendant's response to her interrogatories, plaintiff had prepared and forwarded to defendant a stipulation to dismiss defendant from the suit; that, pursuant to C.R.C.P. 41(a)(1)(A), plaintiff could not unilaterally dismiss defendant because the motion for summary judgment was pending; and that defendant had failed to respond to plaintiff's proposed stipulation for dismissal. On the basis of these findings, which have evidentiary support in the record, the trial court concluded that the claim asserted by plaintiff against defendant was not frivolous or groundless.

Under these circumstances, we perceive no abuse of discretion in the trial court ruling.

## II.

While the trial court did not specifically address the merits of defendant's claim for attorney fees under C.R.C.P. 11, it found that plaintiff had joined defendant following an investigation which revealed that defendant was the only existing abstract company in Lincoln County. In light of this finding, which is supported by the record, we conclude that plaintiff's attorney did not violate C.R.C.P. 11.

Under the standards enunciated in *Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo.1984), we conclude that defendant's appeal is not frivolous. *See* C.A.R. 38(d). Accordingly, plaintiff's request for attorney fees on appeal is denied.

Judgment affirmed.

STERNBERG and METZGER, JJ., concur.