COLDWELL BANKER COMMERCIAL GROUP, INC., A Delaware corporation, Plaintiff–Appellee,

v.

John S. HEGGE; William D. Gambill II; and Hegge & Gambill, a Colorado general partnership, Defendants–Appellants.

No. 86CA1347.

Colorado Court of Appeals, Div. V.

Sept. 29, 1988.

Holland & Hart, Wiley E. Mayne, Marcy G. Glenn, Denver, for plaintiff-appellee.

Calkins, Kramer, Grimshaw & Harring, Richard L. Shearer, Charles B. Hecht, Denver, for defendants-appellants.

FISCHBACH, Judge.

Plaintiff, Coldwell Banker Commercial Group, Inc. (Coldwell Banker), dismissed its lawsuit against defendants, John S. Hegge, William D. Gambill II, and Hegge & Gambill, shortly before trial. Thereafter, the trial court denied defendants' motion for attorney fees and costs, and defendants appeal. We affirm the denial of attorney fees and costs pursuant to C.R.C.P. 68. Insofar as costs under C.R.C.P. 54(d) were not addressed by the trial court, we remand for consideration of that issue.

Coldwell Banker had an "Exclusive Right to Lease" agreement with Rainbow Ridge Joint Venture (Rainbow). Rainbow sold the subject property to Gambill and paid a commission to Hegge & Gambill without paying Coldwell Banker.

Coldwell Banker sued Rainbow for the commission and subsequently filed a separate lawsuit against defendants, alleging intentional interference in the commission payment, fraudulent concealment of their negotiations and closing on the property, and negligence. The two cases were consolidated and a claim of conspiracy between Rainbow and defendants was added. Defendants served an offer of judgment on Coldwell Banker for $2,000, which was rejected.

Three weeks before trial, Coldwell Banker dismissed the claims against defendants, who objected to the dismissal and moved for attorney fees pursuant to Colo.Sess. Laws 1977, ch. 189 § 13–17–101 at 796 (then in effect) and C.R.C.P. 11, and costs pursuant to C.R.C.P. 68. After a hearing, the trial court found that Coldwell Banker's case was not frivolous or groundless, and denied both fees and costs. Coldwell Banker later settled with Rainbow.

I

Defendants contend that the court abused its discretion in denying its claim for attorney fees under §§ 13–17–101 and 13–17–102, as then in effect. We disagree.

■ We first reject defendants' contention that the district court abused its discretion by failing to state specific factual reasons for its denial of attorney fees.

The applicable statutes set forth a two-step procedure for determining attorney fees. Colo.Sess.Laws 1977, ch. 189, § 13–17–101(3) requires the court to evaluate whether "the bringing, maintaining or defense of the action was frivolous or groundless" and to make findings "affirmative or negative" thereon. If fees are to be awarded, Colo.Sess.Laws 1977, ch. 189, § 13–17–102 governs the procedure for determining the amount of fees.

Here, the trial court's findings were sufficiently explicit to provide a basis for its decision to deny the attorney fees under § 13–17–101(3). Because the findings were adequate to provide meaningful review, the statutory requirement was met. *See Hipps v. Hennig*, 167 Colo. 358, 447 P.2d 700 (1968); C.R.C.P. 52.

■ Further, we reject the defendants' contention that the denial is unsupported by the record.

In making its ruling, the trial court reviewed extensive briefs, depositions, affidavits, and exhibits and heard argument. The trial court stated: "[A]s a matter of fact I have seen a lot of cases when a purchaser and seller attempt to cut a broker out of a commission. So this isn't a preposterous situation that we've been involved in. And if the purchaser and the seller do that kind of thing under what theories can the purchaser and/or broker ... be held responsible." These findings are tantamount to a determination by the trial court that Coldwell Banker was entitled to pursue its claims against defendants in spite of the fact that it later dismissed its complaint.

The trial court's findings are supported by the record and, therefore, will not be disturbed on review. *See Schoonover v. Hedlund Abstract Co.*, 727 P.2d 408 (Colo. App.1986).

## II

■ We also disagree with defendants' contention that the trial court abused its discretion in denying an award of attorney fees under C.R.C.P. 11.

C.R.C.P. 11, as in effect at the time the pleadings were signed, stated, in relevant part:

"If a pleading ... is signed with intent to defeat the purpose of this Rule, it may be stricken.... For a willful violation of this rule ... the court may direct [the attorney] to pay to the other party reasonable attorney's fees and actual costs occasioned by said violation."

By its plain language, the rule permits the award of attorney fees only upon an affirmative finding that the pleading was filed willfully, that is, in bad faith. *See Mayberry v. University of Colorado Health Sciences Center*, 737 P.2d 427 (Colo.App.1987).

For the reasons stated in Part I, the trial court did not abuse its discretion in denying attorney fees also under the stricter standard of C.R.C.P. 11. The trial court's finding that Coldwell Banker's attorneys did not "willfully or otherwise" violate C.R.C.P. 11 is supported by the record and will not be disturbed on review. *Schoonover, supra.*

## III

■ Defendants also contend that the trial court abused its discretion in failing to award them costs under C.R.C.P. 68. Again, we disagree. C.R.C.P. 68 states:

"At any time more than ten days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against them for the money or property or to the effect specified in his offer.... [If the offeree does not accept, and] the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."

■ Here, the judgment of dismissal was entered against Coldwell Banker and in favor of defendants. In *Delta Airlines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981), the Supreme Court held that Fed.R.Civ.P. 68 was inapplicable to a defendant who had made an offer pursuant to the rule and subsequently prevailed. *But cf. Brakhage v. Georgetown Associates, Inc.*, 33 Colo.App. 385, 523 P.2d 145 (1974). C.R.C.P. 68 is identical to Fed.R.Civ.P. 68, and although the Supreme Court's interpretation is not controlling here, we find it persuasive. *See Lucas v. District Court*, 140 Colo. 510, 345 P.2d 1064 (1959) (Colorado Rules of Civil

Procedure patterned after the federal rules).

In its analysis, the Supreme Court defined the scope of Fed.R.Civ.P. 68 with reference to its plain meaning, its purpose in conjunction with that of Fed.R.Civ.P. 54(d), and its history.

The plain language of the rule equates a judgment "taken against" the offeror with a judgment "obtained by" the offeree. The words are carefully crafted to create a parallel. "Because the Rule obviously contemplates that a 'judgment taken' against a defendant is one favorable to the plaintiff, it follows that a judgment 'obtained' by the plaintiff is also a favorable one." *Delta Airlines, supra.*

The plain meaning is supported by an analysis of the purpose of the rule in conjunction with that of Fed.R.Civ.P. 54(d). Under that rule, costs are generally awarded to the prevailing party and, therefore, are a direct economic reward of winning. The purpose of Fed.R.Civ.P. 68, however, "is to encourage the settlement of litigation." Thus, Fed.R.Civ.P. 68 operates to modify Fed.R.Civ.P. 54(d), insofar as the prevailing plaintiff receives only those costs incurred *before* the settlement offer was made and is thereby punished for rejecting a reasonable offer. There is, furthermore, no reason to extend the rule to apply to prevailing defendants because they would generally recover costs under Fed.R.Civ.P. 54(d). *Delta Airlines, supra.*

The Supreme Court concluded that the history of the rule confirmed that it was intended to modify Fed.R.Civ.P. 54(d) so as to deny prevailing plaintiffs a portion of the costs they could otherwise expect under Rule 54(d). It was not intended to create an independent means of recovering costs. The Advisory Committee notes state that the defendant's "offer will operate to *save him the costs* from the time of that offer if the plaintiff ultimately obtains a judgment less than the sum offered." Advisory Committee Note of 1946 to Amended Rule 68, *quoted in Moore's Federal Practice* § 68–01 (2d ed. 1988) (empha-

sis added). The rule was based on the "general principle ... that a party *may be denied costs* when he sues vexatiously after refusing an offer of settlement, and recovers no more then he had been previously offered...." 12 C. Wright & A. Miller, *Federal Practice & Procedure* § 3001 at 56 (1973) (emphasis added).

We agree with the Supreme Court's reasoning and adopt it with respect to C.R. C.P. 68. Although Coldwell Banker rejected the $2,000 offer of settlement, it ultimately dismissed its own lawsuit prior to trial. We interpret C.R.C.P. 68 to require the award of costs to defendants only if Coldwell Banker had prevailed and received a judgment of less than $2,000. That did not occur, and the trial court properly denied costs.

## IV

Defendants further assert that the trial court erred in denying them costs under C.R.C.P. 54(d).

■ Under C.R.C.P. 54(d) "costs shall be allowed as of course to the prevailing party unless the court otherwise directs...." Although the omission of an award of costs is a proper *form* for denial of costs, the court must *direct* the denial. *See Grange Mutual Fire Insurance Co. v. Golden Gas Co.,* 133 Colo. 537, 298 P.2d 950 (1956); *Wesson v. Johnson,* 622 P.2d 104 (Colo. App.1980).

Here, the record indicates that defendants requested costs in their pleadings and motions, but failed to cite any particular rule of procedure as authority in the request. Defendants argued only the issue of the propriety of costs pursuant to C.R.C.P. 68 before the trial court, and the court's denial references only C.R.C.P. 68.

Because it appears from the record that the trial court did not consider the issue of costs under C.R.C.P. 54(d), we remand to the trial court for a determination of whether costs should be awarded, and if so, the amount.

## V

Both parties seek attorney fees on appeal. We find that the appeal was not frivolous and therefore deny the requests. *See Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo.1984); C.A.R. 38.

The judgment is affirmed in all respects, except as to costs that may be awarded to the defendants pursuant to C.R.C.P. 54(d). That portion of the judgment is reversed and the cause remanded accordingly.

PLANK, J., concurs.

VAN CISE, J., concurs in part and dissents in part.

VAN CISE, Judge, concurring in part and dissenting in part.

I agree with all parts of the majority opinion except Part III. As to that section, I disagree with the majority both in its analysis and its holding.

The language of C.R.C.P. 68 requires the offeree to pay the offeror's costs if "the judgment finally obtained by the offeree is not more favorable than the offer." Here, the judgment of dismissal is a judgment less and "not more favorable than the offer." Hence, C.R.C.P. 68 is plainly applicable to the situation at issue and, under that rule, the offeror is entitled to "the costs incurred after the making of the offer."