Priscilla ALLEN, Plaintiff–Appellant,

v.

RAMADA INN, INC., a Delaware corporation, d/b/a Ramada Inn South; R.A. Podmore; Eugene Lalli, M.D.; R.A. Podmore, Inc.; Plantation Inn, Ltd.; and Perl Mack Bowl, Inc., Defendants–Appellees.

**No. 86CA1119.**

Colorado Court of Appeals, Div. II.

Feb. 23, 1989.

Rehearing Denied March 23, 1989.

Certiorari Denied Aug. 7, 1989.

Morrison & Foerster, Frances A. Koncil-ja, Stanley A. Doten and Stewart McNab, Denver, for plaintiff-appellant.

Weller, Friedrich, Hickisch, Hazlitt & Ward, Geoffrey S. Race and Julia M. Duf-fy, Denver, for defendants-appellees.

MARQUEZ, Judge.

Plaintiff, Priscilla Allen, appeals the judgment entered on a jury verdict in favor of defendants. We reverse and remand for new trial.

After being raped by an intruder who had apparently entered a window opening on an alley next to her garden level motel room, plaintiff sued the motel, and various others, for actual and punitive damages based on negligence and negligent infliction of emotional distress. Bars, which had previously been installed in the windows of the motel room, had been removed before plaintiff became a guest at the motel. No warning was provided on the windows and the windows were not equipped with window stops to limit entry. The motel allegedly was located in a high crime area. By special verdict forms submitted to the jury by stipulation of the parties, the jury found that, while plaintiff had incurred injuries, the defendants were not negligent.

## I.

Plaintiff contends that egregious juror misconduct, lying on voir dire, requires that she be given a new trial. We agree.

During voir dire, plaintiff's counsel advised the jurors that of major concern to her client was "how or what you've read or heard about or have thought about a rape." The jurors were then asked whether any of them had been the victim of a rape, or if they knew anyone who had been a victim of a rape. None of the jurors responded. After the jury returned its verdict, counsel for plaintiff learned that two of the jurors had not truthfully answered the question about being raped.

At the hearing on the motion for new trial, one juror testified that, during deliberations and in the presence of all jurors, two of the jurors stated that they had been the victims of a rape. One of the latter two jurors testified that she had been the victim of a rape and admitted that she and another juror had told other jurors of their experiences during their deliberations. The other juror also testified but admitted only to being the victim of an attempted rape.

■ In Colorado, contrary to plaintiff's assertion, untruthful answers on voir dire concerning material matters do not entitle a party to a new trial *per se*, and we decline to adopt such a rule here. Under some circumstances, however, a juror's

non-disclosure of information during jury selection may be grounds for a new trial. *People v. Dunoyair*, 660 P.2d 890 (Colo. 1983). In *Dunoyair*, our supreme court stated:

"Where ... a juror deliberately misrepresents important biographical information relevant to a challenge for cause or a peremptory challenge or knowingly conceals a bias or hostility towards the defendant, a new trial might well be necessary.... In such instances the juror's deliberate misrepresentation or knowing concealment is itself evidence that the juror was likely incapable of rendering a fair and impartial verdict in the matter."

A defendant has the right to exercise all of his peremptory challenges, and when a juror misrepresents or conceals material and relevant matters, that right, as well as the right to challenge for cause, is impaired. *People v. Borrelli*, 624 P.2d 900 (Colo.App.1980).

█ In the present case, at the post-trial hearing, one juror admitted that she had been the victim of a rape and that she had told of her experiences to other jurors. The other juror, who admitted that she had been the victim of an attempted rape, stated that on voir dire she did not think of this event and that it had happened 55 years ago. However, when asked if she had told investigators for plaintiff's counsel not to mention it to her husband, the juror replied, "I told them if they did I would deny it." The investigators submitted affidavits stating that they had talked to this juror and that the juror had told them that she had been raped; that she had never told anyone else about the rape; that she was especially concerned that her husband would find out about it; and further that she would not admit the fact of the rape to anyone if questioned about it.

We conclude, under these circumstances, that the jurors' misrepresentations were deliberate and not inadvertent. *See Dunoyair, supra*. Further, the misrepresentations were material and relevant to challenges for cause and for peremptory challenges, and a new trial is necessary.

█ We reject the defendants' argument that plaintiff's failure to alert the trial court upon discovery of the misconduct constitutes a waiver of any right to a new trial. Defendants' argument rests solely on plaintiff's expert having stated to plaintiff's counsel that one of the jurors exhibited behavior similar to that of a rape victim. Such statements do not rise to a level of knowledge or waiver by plaintiff.

## II.

Among several other issues which may arise on retrial is plaintiff's contention that the trial court erred in rejecting her tendered instruction based on Restatement (Second) of Torts § 344 (1965) concerning innkeeper liability for the acts of third parties.

█ Defendants acknowledge that a special relationship exists between an innkeeper and guest and that the innkeeper has a duty to use reasonable care to protect its guests from third persons. Indeed, our supreme court has adopted and applied Restatement § 344 in the context of the liability of a fast food restaurant for injuries caused by an armed robber. *Taco Bell, Inc. v. Lannon*, 744 P.2d 43 (Colo.1987). Plaintiff's proposed instruction, however, is phrased too narrowly since it states that: "[a]n innkeeper *is* liable," whereas Restatement § 344 provides that a proper defendant *"is subject to* liability." (emphasis added)

While we do not approve the wording of the plaintiff's tendered instruction, we agree, that, if the evidence develops on retrial as it did here, then an instruction in accordance with Restatement § 344 and consistent with the ruling in *Taco Bell, supra*, should be given.

█ Plaintiff, while not contesting the admission of evidence concerning security practices in other Denver-area motels, also argues that her tendered instruction stating that trade practices do not establish the legal standard of care was erroneously rejected. We agree that, under similar evidence at retrial, plaintiff will be entitled to such an instruction. *See Chabot v.*

*Williams Chevrolet Co.,* 30 Colo.App. 277, 491 P.2d 612 (1971).

We reject plaintiff's argument that the trial court erred in failing to give a tendered instruction based on *CJI–Civ.2d* 3:6 (1980) concerning a duty to inquire into security conditions. The court's instructions, with the additions mentioned above, should adequately advise the jury on the law applicable to this case.

With respect to the testimony of witness Smith, we conclude that upon retrial the challenged hearsay contained therein should not be admitted.

In view of the foregoing, we need not consider plaintiff's remaining contentions.

The judgment is reversed and the cause is remanded for new trial and further proceedings consistent with this opinion.

KELLY, C.J., and METZGER, J., concur.