523 P.2d 145 (1974)
Jack BRAKHAGE, a/k/a H. J. Brakhage, Plaintiff-Appellant and Cross-Appellee,
v.
GEORGETOWN ASSOCIATES, INC., a Colorado corporation, Defendant-Appellee and Cross-Appellant, and
Stephen L. Levine et al., Defendants-Appellees.
No. 73-166.
Colorado Court of Appeals, Div. I.
March 19, 1974.
Rehearing Denied April 16, 1974.
Certiorari Denied July 1, 1974.
Berenbaum, Bernbaum & Susman, Denver, for defendants-appellees Stephen L. Levine and Alex Kramer.
Drexler & Wald, P. C., Stanley L. Drexler, Denver, for defendant-appellee Joe Lort, Jr.
John H. Tippit, Thomas W. Whittington, Stephan A. Tisdel, Denver, for plaintiff-appellant and cross-appellee.
Fairfield & Woods, Denver, for defendant-appellee and cross-appellant Georgetown Associates, Inc.
Litvak, Schwartz & Karsh, P. C., Alan E. Karsh, Denver, for defendant-appellee Robert Shaiman.
Selected for Official Publication.
COYTE, Judge.
Plaintiff appeals from entry of summary judgment in favor of defendants in an action for recovery of a finder's fee. We affirm.
Plaintiff brought suit against Georgetown Associates, Inc., (Georgetown) and the individual defendants for recovery of a finder's fee in connection with the sale of the outstanding stock of Georgetown. He *146 alleged that an officer and shareholder of Georgetown agreed on behalf of Georgetown and the individual defendants to pay a six percent commission if plaintiff introduced a buyer of the real property owned by Georgetown or of the stock of Georgetown. Plaintiff further alleged that as a result of his efforts the stock of Georgetown was purchased by another corporation. After filing an answer and conducting discovery, defendants moved for summary judgment on the ground, inter alia, that plaintiff was precluded from any recovery because he lacked a real estate broker's license. Following a hearing, the trial court entered judgment in favor of defendants and dismissed plaintiff's complaint.
It is undisputed that Georgetown was engaged in the business of developing and selling real property owned by it in the vicinity of Georgetown, Colorado. Moreover, plaintiff concedes that he is not licensed to sell real estate in Colorado, nor does he hold a license to sell securities.
The applicable statute, 1969 Perm.Supp., C.R.S.1963, 117-1-1, provides that it shall be unlawful for any person to engage in the business or capacity of real estate broker or real estate salesman in the state without having obtained a license. Our Supreme Court, in Benham v. Heyde, 122 Colo. 233, 221 P.2d 1078, interpreted the statute to mean that one who functions as a real estate broker without obtaining the necessary license cannot recover compensation for his services. Thus, the sole issue on this appeal is whether plaintiff's activities come within the ambit of the licensing statute.
The statutory definition of a real estate broker, 1965 Perm.Supp., C.R.S.1963 117-1-2(1), reads in pertinent part, as follows:
"(a) A `real estate broker', as used in this article, means any person, firm, partnership, association, or corporation who, in consideration of compensation by fee, commission, salary, or anything of value, or with the intention of receiving or collecting such compensation, engages in or offers or attempts to engage in, either directly or indirectly, by a continuing course of conduct or by any single act or transaction, any of the following acts:
. . . . . .
"(j) Negotiating or attempting or offering to negotiate the listing, sale, purchase, exchange, or lease of a business or business opportunity or the good will thereof, or any interest therein, when such act or transaction involves, directly or indirectly, any change in the ownership or interest in real estate, or in a leasehold interest or estate, or in a business or business opportunity which owns an interest in real estate or in a leasehold; unless such act or acts are performed by any broker-dealer or insurer-dealer licensed under the provisions of article 1 of Chapter 125, C.R.S.1963, who is actually engaged generally in the business of offering, selling, purchasing, or trading in securities, or any officer, partner, salesman, employee, or other authorized representative or agent thereof."
The transaction at issue here involved the transfer of shares of a corporation which owned an interest in real estate. It is undisputed that the sale of stock was a transaction involving a change in "ownership or interest ... in a business... which owns an interest in real estate." See 11 W. Fletcher, Cyclopedia of the Law of Corporations § 5100.
Plaintiff contends, however, that his activity did not come within the statutory definition because he did not participate in any negotiations, did not prepare documents, and did not attend the closing. He argues that he did nothing more than introduce the parties who later consummated the transaction. He urges that we recognize a distinction between a finder who merely introduces prospective buyers and sellers and a broker who participates in the details of the transaction. See Hasekian v. Krotz, 268 Cal.App.2d 311, 74 Cal.Rptr. 410; see generally, Annot., 24 A.L.R.3d 1160 at 1172.
*147 We are not persuaded by plaintiff's arguments. The statutory definition of real estate broker does not recognize any distinction between a broker and a finder as urged by plaintiff. On the contrary, the legislature created certain statutory exemptions to the definition of real estate broker and those exemptions do not include the type of activity at issue here. See 1965 Perm.Supp., C.R.S.1963, 117-1-2(4).
More importantly, the legislative history of C.R.S.1963, 117-1-2, reveals a legislative intent to enlarge and extend the definition of the term "real estate broker" to include the full spectrum of activities related to the sale of real estate. The 1965 amendments to C.R.S.1963, 117-1-2, expanded the definition of a "real estate broker" to include one who receives a "fee, commission, salary, or anything of value" or "any person ... with the intention of receiving ... compensation," and "who ... engages in ... or attempts to engage in, either directly or indirectly," even "a single act," of a "sale," or of "negotiating" for a sale of real estate. In construing the statute, we are persuaded by and we adopt the reasoning in Corson v. Keane, 4 N.J. 221, 72 A.2d 314, that, as it pertains to licensing, the term "negotiate" includes the act of bringing two parties together for the purpose of consummating a real estate transaction. This construction of the statute is consistent with Stank v. Michaelson, Colo.App., 506 P.2d 757, where we defined the term "broker" to include one who finds "the person to whom to sell, or from whom to buy, as the case may be." Thus, we hold that plaintiff's activities fell within the definition of a real estate broker. Since plaintiff does not hold a real estate license, the trial court properly entered summary judgment for defendants. Goff & Hanson v. Halandras, Colo.App., 523 P.2d 147. (announced this same date)
In accordance with C.R.C.P. 68, Georgetown made an offer of settlement which was refused by plaintiff. After entry of summary judgment, Georgetown submitted a bill of costs which included the expenses of taking depositions and attorney fees. The trial court taxed the docket fees against plaintiff and refused to tax the other items as costs.
Georgetown, on cross-appeal, contends that the trial court erred by failing to tax deposition expenses and attorney fees as costs under C.R.C.P. 68. This contention is without merit. The rule refers to payment of "costs," if the judgment is not more favorable than the offer. However, attorney fees do not come within the category of expenses usually taxed as costs. See Leadville Water Co. v. Parkville Water District, 164 Colo. 362, 436 P.2d 659. Similarly, the expenses of taking depositions normally are not allowed as an item of costs. See Morris v. Redak, 124 Colo. 27, 234 P.2d 908. Thus, we conclude that C.R.C.P. 68 does not contemplate that deposition expenses and attorney fees will be assessed as costs.
Judgment affirmed.
SILVERSTEIN, C. J., and SMITH, J., concur.