No. 28002

**Henry S. Broughall, and Mountain State Broadcast Properties, Inc., a Colorado corporation v. The Black Forest Development Company, a Colorado corporation**

(593 P.2d 314)

Decided December 4, 1978.                    Rehearing denied December 26, 1978.

504

Humphrey & Hamel, P.C., Lee Bartholomew, Fred M. Hamel, for plaintiffs-appellants.

Darrell D. Thomas, Stephen J. Sletta, for defendant-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Plaintiffs-appellants appeal from the district court's judgment of dismissal in favor of defendant-appellee in an action to recover a finder's fee.

The complaint alleged that an agent of defendant offered to pay a five percent fee to plaintiff Broughall in consideration of finding a buyer for defendant's radio station; that Broughall found a buyer and the sale was consummated; and that the defendant thereafter refused to pay the promised fee. The district court found that the sale of the radio station involved a change of ownership or interest in a business which owned a leasehold interest and that, therefore, the transaction came within the ambit of the Real Estate statute, section 12-61-101 *et seq.,* C.R.S. 1973. Because Broughall was not a currently licensed real estate salesman or real estate broker, the district court held that, as a matter of law, Broughall was precluded from recovering a finder's fee. We affirm the district court.

Plaintiffs argue that the mere act of finding a buyer for a business does not require a real estate broker's license where real estate is not a dominant feature of the sale. Alternatively, plaintiffs argue that if a license is required then the contract is severable and that the plaintiffs are entitled to a finder's fee calculated on that part of the sale which did not involve real estate. We are not persuaded by plaintiffs' arguments.

Crucial to our determination is the legislative history of section 12-61-101(2)(i), C.R.S. 1973, which defines a real estate broker as anyone: "* * * [n]egotiating or attempting or offering to negotiate the listing, sale, purchase, exchange, or lease of a business or business opportunity or the goodwill thereof or *any interest therein when such act or transaction involves, directly or indirectly, any change in the ownership or interest in real estate, or in a leasehold interest or estate, or in a business or business opportunity which owns an interest in real estate or[1] in a leasehold. * * *"* (Emphasis added.)

The above section superseded C.R.S. 1963, 117-1-2(1), which defined a real estate broker as follows: "* * * A real estate broker within the meaning of this article is any person, firm, partnership, association or corporation, who for compensation or valuable consideration sells or exchanges or offers for sale or exchange, buys or offers to buy, or who negotiates the purchase or sale or exchange, of *real estate,* or who leases or offers to lease, or rents or offers to rent any real estate or improvements thereon for another or others." (Emphasis added.)

Based on the former statutory definition, this court, in *Cary v. Borden Company,* 153 Colo. 344, 386 P.2d 585, in granting a finder's fee to a business broker, adopted the minority New York rule which allows recovery of the fee as long as the real estate aspect is not the dominant feature of the whole transaction. *See Weingast v. Rialto Pastry Shop,* 243 N.Y. 113, 152 N.E. 693.

Subsequent to our decision in *Cary v. Borden, supra,* the legislature in 1965 amended C.R.S. 1963, 117-1-2(1), the exact language of which has been incorporated in section 12-61-101(2)(i), C.R.S. 1973, quoted above. The legislative intent evidenced by the present wording of the statute obviously was to align Colorado with the majority New Jersey rule which requires a finder or business broker to have a real estate broker's license if the sale of the business includes a transfer of any interest in real estate. *See Kenny v. Paterson Milk & Cream Co., Inc.,* 110 N.J.L. 141, 164 A. 274.

The present statute applicable here, section 12-61-101(2)(i), C.R.S. 1973, significantly broadened the definition of "real estate broker." The former statute limited the definition to one who negotiated the sale, leasing or renting of real estate only. Included now are persons who (1) negotiate any transaction that indirectly involves a change in ownership in real estate or in a leasehold interest, or who (2) negotiate a change in ownership of a business or business opportunity which includes an interest in

---

[1] "Negotiating" includes the act of a finder who brings two parties together. *Brakhage v. Georgetown Associates,* 33 Colo. App. 385, 523 P.2d 145.

real estate or in a leasehold.

■ In this case, the sale of the radio station also involved a transfer of a leasehold interest in the land on which it was situated. Although the value of the leasehold transferred may have been slight compared to the value of the whole transaction, nevertheless, the transaction falls within the broad language of the governing statute. Broughall, therefore, was required to have a real estate license to engage in finding a buyer for the radio station. Section 12-61-102, C.R.S. 1973. Because he had no license, he can recover no fee. Section 12-61-117, C.R.S. 1973; *Benham v. Heyde,* 122 Colo. 233, 221 P.2d 1078.

■ Broughall asserts that he had no knowledge that the sale of the radio station would even indirectly involve a change in the ownership of either real estate or a leashold interest therein. Thus, he argues that to uphold the trial court's interpretation of the statute as to him in such circumstances would deny him due process under Article II, Sections 16 and 25, of the Colorado Constitution, and under the Fourteenth Amendment to the Constitution of the United States.

Broughall alleged in his complaint that he arranged and participated in various meetings and discussions with the defendant seller and the buyer concerning the sale of the radio station. The option contract and the purchase contract resulting from these negotiations, which were attached to the complaint, expressly called for the transfer and assignment of all leases, and allocated a value of $25,000 to "leasehold improvements, including the tower, radial equipment, and buildings." In fact, on closing the leasehold was transferred to the buyer.

Moreover, the record suggests that Broughall was a licensed real estate salesman, although at the time of the transaction involved here his license was inactive. We agree with the observation of the district judge, who stated that if Broughall held a real estate license, surely he was familiar with the Colorado law. He was thus on notice that it is unlawful to negotiate the sale of a business involving the transfer of a leasehold interest without first having obtained a license. Section 12-61-102, C.R.S. 1973. We regard the constitutional argument to be without merit.

■ Finally, Broughall contends that the contract is severable and that he should receive a commission based on that part of the sale price which did not involve real estate. His services consisted of finding a buyer for a radio station, which in fact owned an interest in a leasehold, and, as such, his services clearly fell within the ambit of the statute. Severing the contract, as Broughall suggests, would emasculate the clear purpose of the statute, and would allow finders and business brokers to disregard completely the licensing requirement to the detriment of the public whom the statute is designed to protect.

The judgment is affirmed.