Michael B. Gorham Deputy Director Division of Real Estate Dept. of Regulatory Agencies 1776 Logan St., 4th Floor Denver, CO 80203
Dear Mr. Gorham:
I am responding to your request of February 9, 1983, for an attorney general's opinion concerning the requirement of a real estate license to receive a commission in the sale of a business opportunity and possible exceptions to that requirement.
QUESTIONS PRESENTED AND CONCLUSIONS
Your questions ask:
1. A person receives compensation for performing acts as basically set forth in C.R.S. 1973, 12-61-101(2)(i). Does the statute require such a person to obtain a real estate broker's license where the change in ownership or interest in real estate is an integral part of the business or business opportunity transaction, but is not negotiated or offered by the person?
 The answer to your first question is "yes," unless the person falls within one of the statutory exemptions contained in C.R.S. 1973, 12-61-101(4), as amended, or C.R.S. 1973, 12-61-101(2)(i).
2. If the answer to question No. 1 is "yes," under what circumstances, if any, could a person involve himself in the transfer of a business or business opportunity for compensation without violating C.R.s. 1973, 12-61-101(2)(i)?
 The statute under consideration, C.R.S. 1973, 12-61-101(2)(i), grants an exception to the requirement of a real estate license to receive a commission for the sale of a business opportunity. Other circumstances where a license is not required are those situations within the ambit of C.R.S. 1973, 12-61-101(4) et seq.
ANALYSIS
C.R.S. 1973, 12-61-101(2)(i), as amended, sets forth a definition of a "real estate broker" in the sale of a business opportunity.
The statute states:
 (2) "Real estate broker" or "broker" means any person, firm, partnership, association, or corporation who, in consideration of compensation by fee, commission, salary, or anything of value or with the intention or receiving or collecting such compensation, engages in or offers or attempts to engage in, either directly or indirectly, by a continuing course of conduct or by any single act or transaction, any of the following acts:
. . . .
 (i) Negotiating or attempting or offering to negotiate the listing, sale, purchase, exchange or lease of a business or business opportunity or the goodwill thereof or any interest therein when such act or transaction involves directly or indirectly, any change in the ownership or interest in real estate, or in a leasehold interest or estate, or in a business or business opportunity which owns an interest in real estate or in a leasehold unless such act is performed by any broker-dealer or insurer-dealer licensed under the provisions of article 51 of title 11, C.R.S. 1973, who is actually engaged generally in the business of offering, selling, purchasing or trading in securities or any officer, partner, salesman, employee or other authorized representative or agent thereof;
C.R.S. 1973, 12-61-101(2)(i) was adopted in 1965 in response to the Colorado Supreme Court's decision in Cary v. BordenCompany, 153 Colo. 344, 386 P.2d 585 (1963). In that case, the supreme court, based on the old definition of a real estate broker found in C.R.S. 1963, 117-1-2(1), adopted the minority New York rule and allowed recovery of a commission by an unlicensed person in the sale of a business opportunity where the interest in real estate was not the dominant feature of the whole transaction.
In interpreting C.R.S. 1973, 12-61-101(2)(i) the Colorado Supreme Court in Broughall v. Black Forest Development Co.,196 Colo. 503, 593 P.2d 314 (1978), found the legislative intent in changing the definition of a real estate broker to be to bring Colorado in line with the majority New Jersey rule. That rule defines a real estate broker to include anyone who negotiates any transaction that directly or indirectly involves a change in ownership in real estate or who negotiates a change in ownership of a business or business opportunity which includes an interest in real estate or in a leasehold. Kenney v. Patterson Milk Cream Co., Inc., 110 N.J.L. 141, 164 A. 274
(1932). This definition does not require that the change in the interest in real estate or in a leasehold be negotiated. Nor does the definition require that the change in ownership or interest in real estate be an integral part of the transaction. Furthermore, the transaction is not severable so that an unlicensed person may receive a commission on the portion of the sale not involving real estate, if the transfer as a whole involves the transfer of an interest in land or a leasehold.Broughall v. Black Forest Development Co.,supra.
C.R.S. 1973, 12-61-101(2)(i) does not require that the transfer of an interest in real estate or a leasehold be negotiated or offered to bring one within the definition of a real estate broker. It only requires that one negotiate a transfer of a business or business opportunity, and that the business or business opportunity include an interest in real estate or a leasehold.
Furthermore, the statute in question sets forth a very broad definition of "negotiating." "Negotiating" has been interpreted to mean the simple act of introducing the buyer and seller, thus bringing that act under the license laws and requiring a license before receiving a commission on the sale of a business opportunity. Brakhage v. Georgetown Associates,33 Colo. App. 385, 523 P.2d 145 (1974).
Because the answer to question 1 is "yes" I will set forth the circumstances under which a person could receive compensation for the sale of a business opportunity, although not licensed as a real estate broker.
One exception to the requirement of a real estate sales license to collect compensation for the sale of a business or business opportunity can be found in C.R.S. 1973, 12-61-102(2)(i). The statute provides that anyone licensed as a broker-dealer or insurer-dealer under C.R.S. 1973 title 11, article 51 and who is actually engaged generally in the business of offering, selling, purchasing, or trading in securities is exempted from the definition of a "real estate broker."
Other exceptions to the licensing requirement are set forth in12-61-101(4), as amended, which states:
 (a) Any attorney-in-fact acting without compensation under a power of attorney, duly executed by an owner of real estate, authorizing the consummation of a real estate transaction;
 (b) Any public official in the conduct of his official duties;
 (c) Any receiver, trustee, administrator, conservator, executor, or guardian acting under proper authorization;
 (d) Any person, firm, partnership, or association acting personally or a corporation acting through its officers or regular salaried employees in his or its own behalf as principal in acquiring or in negotiating to acquire any interest in real estate;
 (e) An attorney-at-law in connection with his representation of clients in the practice of law;
 (f) Any person, firm, partnership, association or corporation or any employee or authorized agent thereof engaged in the act of acquiring, purchasing, assigning, exchanging, selling, or dealing in oil and gas or other mineral leases or interests therein or other severed mineral or royalty interests in real property;
 (g) A natural person acting personally with respect to property owned or leased by him or a natural person who is a general partner of a partnership, an owner of twenty percent or more of such partnership, and authorized to sell or lease property owned by such partnership, except as provided in subsection (1) of this section;
 (h) A corporation with respect to property owned or leased by it, acting through its officers or regular salaried employees, when such acts are incidental and necessary in the ordinary course of the corporation's business activities of a non-real estate nature (but only if the corporation is not engaged in the business of land transactions), except as provided in subsection (1) of this section. For the purposes of this paragraph (h), the term "officers or regular salaried employees" means persons regularly employed who derive not less than seventy-five percent of their compensation from the corporation in the form of salaries.
 (i) A principal officer of any corporation with respect to property owned by it when such property is located within the state of Colorado and when such principal officer is the owner of twenty percent or more of the outstanding stock of such corporation, except as provided in subsection (1) of this section, but this exemption does not include any corporation selling previously occupied one-family and two-family dwellings;
 (j) A corporation, acting through its officers or regular salaried employees, with respect to property owned or leased by such corporation on which has been or will be erected a commercial, industrial, or residential building which has not been previously occupied, and where the consideration paid for such property includes the cost of such building, payable, less deposit or down payment, at the time of conveyance of such property and building;
 (k) A corporation or partnership, acting through its officers or regularly salaried employees receiving no additional compensation therefor, or its wholly owned subsidiary or officers or regular salaried employees thereof receiving no additional compensation, with respect to property located in Colorado which is owned or leased by such corporation or partnership and on which has been or will be erected a shopping center, office building, or industrial park when such shopping center, office building, or industrial park is sold, leased, or otherwise offered for sale or lease in the ordinary course of the business of such corporation or partnership or wholly owned subsidiary. For the purposes of this paragraph (k), "shopping center" means land on which buildings are or will be constructed which are used for commercial and office purposes around or adjacent to which off-street parking is provided; "office building" means a building used primarily for office purposes; and "industrial park" means land on which buildings are or will be constructed for warehouse, research, manufacturing, processing, or fabrication purposes.
 (l) A regularly salaried employee of an owner of an apartment building or complex who acts as an on-site manager of such an apartment building or complex. This exemption applies only in respect to the customary duties of an on-site manager performed for his employer.
 (m) A regularly salaried employee of an owner of condominium units who acts as an on-site manager of such units. For purposes of this paragraph (m) only, the term "owner" includes a homeowners' association formed and acting pursuant to its recorded condominium declaration and bylaws. This exemption applies only in respect to the customary duties of an on-site manager performed for his employer.
 (n) A real estate broker licensed in another state who receives a share of a commission or finder's fee on a cooperative transaction from a licensed Colorado real estate broker.
 (o) Any person engaging in or offering or attempting to engage in any of the acts set forth in subsection (2) of this section when such acts are incidental and necessary to the sale or transfer of a mobile home by a mobile home dealer or mobile home salesman licensed under section 12-51.5-101 and are coupled with the sale, transfer, or creation of a leasehold interest in real estate located in a mobile home park.
Therefore, if a person falls within one of these exceptions, he does not need to obtain a real estate salesman or broker's license.
SUMMARY
The change in the licensing law to bring Colorado under the majority New Jersey rule requires that a person be licensed to receive compensation for the sale of a business or business opportunity where there is also a transfer of an interest in real estate or a leasehold, no matter whether the interest or leasehold is negotiated or not or the interest is insignificant in comparison to the rest of the transaction. Also, the transaction is not separable so that one can avoid the licensing requirement and collect compensation on the basis of the sale of the business or business opportunity only.
Circumstances under which compensation can be had without a license are set forth in the exception provided in C.R.S. 1973,12-61-101(2)(i) and the exceptions to the definition of "real estate broker" found in C.R.S. 1973, 12-61-101(4), asamended.
Very truly yours,
 DUANE WOODARD Attorney General
REAL ESTATE AGENTS, BROKERS, DEALERS, AND SALESMEN BUSINESS OPPORTUNITY LICENSES, OCCUPATIONAL AND PROFESSIONAL
C.R.S. 1973, 12-61-101(2)(i) C.R.S. 1973, 12-61-104(4)
REGULATORY AGENCIES, DEPT. Real Estate Commission
A real estate license is required to receive a commission on the sale of a business opportunity that includes an interest in land or a leasehold. Exceptions to this requirement are set forth in C.R.S. 1973, 12-61-101(2)(i) and 101(4), as amended.