**AMERICAN WEST MOTEL BROKERS, INC., a California corporation, Petitioner,**

v.

**Charles C.W. WU, Respondent.**

**No. 82SC403.**

Supreme Court of Colorado, En Banc.

March 25, 1985.

Berkowitz, Berkowitz & Brady, Leslie G. Berkowitz, Denver, for petitioner.

Feuer, Flossic & Rich, Bruce Myr Flossic, Jack M. Wesoky, Denver, for respondent.

ROVIRA, Justice.

We granted certiorari to consider whether section 12–61–102, 5 C.R.S. (1978), bars the petitioner from collecting a commission because it is not a licensed Colorado real estate broker. The court of appeals affirmed the district court's finding that the respondent was entitled to a summary judgment because the petitioner did not have a Colorado broker's license and thus was not entitled to a commission. *American West Motel Brokers, Inc. v. Wu,* No. 81CA1146 (Colo.App. Sept. 2, 1982) (not selected for publication). We reverse and remand the case for further proceedings.

I.

This action by American West Motel Brokers, Inc. (American) arose when Charles C.W. Wu, the respondent, failed to pay American a commission which American claims it is entitled to pursuant to an agreement entered into by the parties.

The case was submitted to the district court on cross-motions for full and partial summary judgment. The record consists of a stipulation of facts and two depositions: one by Wu and one by Jacob Chang, President of American.

The stipulation contained the following facts. On May 30, 1979, the parties entered into a "buyer/agent agreement" whereby American agreed to provide information and to perform services regarding the Voyager Inn to Wu, in consideration of which Wu agreed to pay a six percent cash commission should he purchase the Voyager Inn within one year. This agreement was executed in California. On June 6, 1979, the parties entered into a "commission agreement" whereby American agreed to a fifteen percent ownership interest in the Voyager Inn in lieu of the six percent cash commission referred to in the buyer/agent agreement. This agreement was entered into in Colorado. Wu purchased the Voyager Inn within one year of the execution of both the agreements. Both parties were residents of California, and American was a California corporation at the time both agreements were executed. American was not and is not licensed in Colorado by the Colorado Real Estate Commission. The Voyager Inn is a motel located in Aurora, Colorado.

Wu stated in his deposition that in June 1979, after the parties entered into the buyer/agent agreement, Chang flew from California to Colorado with him, and while in Colorado introduced him to the seller and drafted a purchase agreement. He also stated that he negotiated the terms of purchase with the seller in the absence of Chang and that the agreement drafted by Chang was based on the terms that Wu had negotiated. Chang stated in his deposition that after the parties entered into the buyer/agent agreement, Wu flew to Colorado and negotiated the purchase without him, and after this negotiation he met Wu

in Colorado and then met with the seller in Colorado and discussed the terms. Chang admitted that American had not at any time entered into a cooperative agreement with a licensed Colorado broker. Both parties admitted they entered into the commission agreement while in Colorado.

American's amended complaint stated two claims for relief. The first alleged that Wu refused to compensate it for its services and that this refusal constituted a breach of contract. The second was a claim for restitution for good and valuable services. American prayed for specific performance of the commission agreement. Wu's motion for summary judgment stated that American was barred from collecting a commission because it violated section 12–61–102, 5 C.R.S. (1978)[1] by engaging in the capacity of a real estate broker in Colorado without a Colorado real estate broker's license or a cooperative agreement with a licensed Colorado real estate broker. American's motion for partial summary judgment stated that the Colorado licensing statute, section 12–61–102, did not apply to the facts of this case.

The district court granted Wu's motion, denied American's motion, and dismissed the complaint. The court of appeals affirmed.

## II.

■ Summary judgment is only granted if the pleadings, admissions, depositions, answers to interrogatories, and affidavits establish that no genuine issue of material fact exists. C.R.C.P. 56(c); *Jones v. Dressel,* 623 P.2d 370, 373 (Colo.1981). Although the parties stipulated to certain facts, genuine issues of material fact still exist and thus summary judgment should not have been granted.

The issues of material facts which the district court must determine are: what activities did the petitioner engage in in Colorado; when, sequentially, did the activities occur; and what is the relationship between the buyer/agent agreement and the commission agreement. The Colorado licensing statute only requires a corporation to obtain a license if it is engaging in the capacity of a real estate broker in this state. § 12–61–102, 5 C.R.S. (1978). The above factual issues are central in determining whether the petitioner did engage in the capacity of a real estate broker.

Included within the definition of a real estate broker is a corporation which negotiates or attempts or offers to negotiate the purchase of a business opportunity which owns an interest in real estate. § 12–61–101(2)(i), 5 C.R.S. (1978). However, a corporation is not acting as a real estate broker if it acts on its own behalf, through its officer, in acquiring or negotiating to acquire an interest in real estate. § 12–61–101(4)(d), 5 C.R.S. (1978). The facts establish that Wu met and negotiated with the seller in the petitioner's absence; the petitioner met with the seller in Colorado; and the petitioner and the respondent entered into the commission agreement. However, the facts do not establish how many meetings there were, when they occurred, who was present at each meeting, what was discussed, what effect the commission agreement had on the buyer/agent agreement, or what capacity the petitioner was acting in when it met with the seller.

It is unclear whether the petitioner came to Colorado with Wu and introduced him to the seller, or whether it came after Wu had already met and negotiated with the seller. If the petitioner came with Wu and introduced him to the seller, then it is arguable that American "negotiated" on Wu's behalf and thus violated section 12–61–102, 5 C.R.S. (1978), since it did not have a Colorado real estate broker's license, nor was it associated with a licensed Colorado broker. *See Broughall v. Black Forest Development Co.,* 196 Colo. 503, 505 n. 1, 593 P.2d 314, 315 n. 1 (1978) ("'Negotiating' includes the act of a finder who brings two parties together."). If the petitioner did

---

1. Section 12–61–102 was amended in 1981. Ch. 163, sec. 1, § 12–61–102, 1981 Colo.Sess.Laws 861.

"negotiate" on behalf of Wu, within the meaning of section 12–61–101(2)(i), then it acted illegally and is not entitled to collect its contractual commission. *See* § 12–61–102, 5 C.R.S. (1978); *Benham v. Heyde,* 122 Colo. 233, 221 P.2d 1078 (1950).

However, if the petitioner only met with the seller after the commission agreement was entered into, and if the commission agreement changed the relationship of the parties from principal/agent to partners in owning and managing the Voyager Inn, then the petitioner may not have acted illegally since the licensing statute does not require a corporation to have a broker's license to negotiate on its own behalf. The relationship between the two agreements, and thus the capacity the petitioner was acting in when it met with the seller, will depend on the intent of the parties, a question of fact which was not stipulated to.

In other words, if at the time the petitioner met with the seller it was acting on its own behalf through its president in negotiating to acquire an interest in real estate, it was not acting as a real estate broker within the meaning of 12–61–101(2) and thus was not acting illegally. *See* § 12–61–101(4)(d), 5 C.R.S. (1978).

Since genuine issues of material facts exist in this case, summary judgment should not have been granted and both American's breach of contract and restitution claims should be considered by the district court. Thus, the judgment of the court of appeals is reversed, and the cause is remanded to the court of appeals with directions to remand to the district court for further proceedings consistent with this opinion.

KIRSHBAUM, J., does not participate.