In re Paul Milton SCHIERHOLZ, a/k/a Paul M. Schierholz, Debtor.

Clarence D. HEIN and A.J. Heim, Applicants,

v.

Paul Milton SCHIERHOLZ, a/k/a Paul M. Schierholz, Respondent.

Bankruptcy No. 84 B 03281 J.

United States Bankruptcy Court, D. Colorado.

Aug. 16, 1985.

Richard H. Goldberg, Brennan, Epstein, Raskin & Friedlob, P.C., Denver, Colo., for applicants.

David Schwartz, Zimmerman & Schwartz, P.C., Denver, Colo., for debtor.

## ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the Motion for Relief from Stay filed by Clarence D. Hein and A.J. Heim ("Applicants").

The Applicants want to be able to proceed to final judgment in a state court case against the Debtor so that they may then proceed to file a claim against the Real Estate Recovery Fund under § 12–61–301, et seq., C.R.S.1973.

The evidence showed the following. On or about May 21 and May 22, 1984, the Applicants bought certain limited partnership interests in Eastwind Village, Indiana, Ltd., a Colorado limited partnership. The sole asset of Eastwind is a 461 unit apartment building in Indiana. The Debtor is the sole general partner of Eastwind.

The Debtor is licensed as a real estate broker in Colorado under § 12–61–101, et. seq. C.R.S.1973. He is also licensed by the Securities and Exchange Commission as a broker-dealer for the sale of securities.

The Debtor is the sole shareholder, president, and a director in two corporations: Schierholz Company ("S.C.") and Schierholz Securities Company ("S.S.C."). S.C. was to have received certain management type fees for operating the apartment building owned by Eastwind. S.S.C. was the underwriter for the sale of the limited partnership interests in Eastwind.

S.S.C. had approximately six (6) registered representatives (S.E.C. licensed salesmen) who sold limited partnership interests in Eastwind, one of which was Ray Enter. Mr. Enter was the person who effected the sales to Applicants, although the Debtor attended and took part in Enter's sales presentations.

The Debtor argues that relief should not be granted because, as a matter of law, the Applicants cannot recover against the Real Estate Recovery Fund since the Debtor was not acting as a licensed real estate broker.

█ In order to recover from the Fund, the claimant must obtain a final judgment against a licensed real estate broker or salesman on the grounds of fraud, negligence, willful misrepresentation, deceit, etc., arising directly out of a transaction which occurred when the broker or salesman was licensed and in which such broker or salesman performed acts for which a license is required under § 12–61–101, et seq., C.R.S.1973. (§ 12–61–302(1), C.R.S. 1973).

█ Section 12–61–101(2)(i), C.R.S.1973 exempts persons from the requirements of obtaining a real estate license if the acts they are performing are those of a broker-dealer in securities for which they are licensed under § 11–51–101, et seq., C.R.S. 1973. There is no doubt that the limited partnership interests involved here are "securities" under § 11–51–102(12), C.R.S. 1973. (See Debtor's Exhibit 1).

However, even the requirement that a person have a Colorado license to sell securities is waived if that person is a broker or

**52**

dealer registered with the S.E.C., which the Debtor was.

Applicants cite the case of *Brakhage v. Georgetown Associates, Inc.*, 33 Colo.App. 385, 523 P.2d 145, (1974) as support for their Motion. That case involved an individual who helped effect the sale of the stock of a corporation which was engaged in the business of developing and selling real property which it owned. The Court held that since the transaction at issue was the transfer of shares of a corporation which owned an interest in real estate, it fell within the state real estate licensing law and since the individual involved was not licensed as a real estate broker or salesman, he was not entitled to a commission.

The case is easily distinguishable from the facts herein. In *Brakhage,* the individual was not licensed either as a real estate broker or a securities broker. Here, the Debtor was licensed as a securities broker-dealer, and in the transactions involved, was performing acts as such, not as a real estate broker. Thus, Applicants cannot successfully make a claim against the Real Estate Recovery Fund.

The Debtor asks this Court to review, and possibly rule contrary, to two opinions out of this Court by the Honorable Jay L. Gueck, to-wit: *In re Phillips,* 40 B.R. 194 (Bankr.Colo.1984) and *In re Fasse,* 40 B.R. 198 (Bankr.Colo.1984). The Court has reviewed these cases and determines that the holdings therein are irrelevant to this case, but nevertheless the parties should be aware that this Court agrees with Judge Gueck's opinions.

Because the sole reason for seeking relief from stay herein was to ultimately pursue a claim against the Real Estate Recovery Fund, which the Applicants cannot do, there is no cause shown under 11 U.S.C. § 362 which would warrant the relief requested. It is, therefore,

ORDERED that the within Motion is denied.

FURTHER ORDERED that within thirty (30) days of the date of this order, any party may file a written request for the withdrawal of his exhibits received in evidence or in the possession of the Court. Upon conclusion of all appellate review pertinent hereto, or upon expiration of time to initiate such review, as the case may be, exhibits so requested shall be returned. Thereafter, the Clerk may destroy or otherwise dispose of any exhibits not requested and returned in accordance with this order.