Robert W. BARTON, Plaintiff-Appellant,

v.

W. Rex SITTNER, Electro Medical Systems, Inc., a Colorado corporation, and Davol, Inc., a Delaware corporation, Defendants-Appellees.

No. 85CA0412.

Colorado Court of Appeals, Div. I.

June 12, 1986.

Wolf & Slatkin, P.C., Albert B. Wolf, James A. Shpall, Denver, for plaintiff-appellant.

Bader & Cox, Jeffrey M. Villanueva, Denver, for defendants-appellees.

STERNBERG, Judge.

Plaintiff, Robert W. Barton, appeals from summary judgment of dismissal entered in favor of defendants, W. Rex Sittner, Electro Medical Systems, Inc. (Electro Medical), and Davol, Inc. (Davol). We affirm.

According to his complaint, Barton is an Arizona resident who is "engaged in the practice of corporation and business brokerage serving as agent and consultant in connection with acquisitions, mergers, [and] consolidations of businesses and ownership interests in business enterprises...." He is not a licensed Colorado real estate broker. By letter agreement, he was engaged by Sittner, acting for Electro Medical, as "exclusive agent to assist ... in [the] search for a buyer or merger partner for Electro Medical Systems, Inc." When the corporate stock of Electro Medical was purchased by Davol, one of the prospects located by Barton, he claimed he was entitled to a fee. Electro Medical refused to pay and this suit resulted.

The only issue in this appeal is whether Barton's activities come within the ambit of § 12–61–101(2)(i) and § 12–61–102, C.R.S. (1985 Repl. Vol. 5). The latter statute provides that it is unlawful to act in the capacity of a real estate broker without a license, while the former states that:

"'Real estate broker' or 'broker' means any person ... who, in consideration of

compensation by fee, commission, salary, or anything of value or with the intention of receiving or collecting such compensation, engages in or offers or attempts to engage in, either directly or indirectly by a continuing course of conduct or by any single act or transaction, any of the following acts:

. . . .

"Negotiating or attempting or *offering to negotiate* the listing, sale, purchase, exchange, or lease of a business or business opportunity or the good will thereof or any interest therein when such act or transaction involves, directly or indirectly, any change in the ownership or interest in real estate, or in a leasehold interest or estate, or in a business or business opportunity which owns an interest in real estate or in a leasehold. . . ." (emphasis supplied)

Some sixteen exceptions to the statute, none of which are applicable to Barton, are contained in § 12–61–101.

On appeal, Barton argues that his role in the transaction between Davol and Electro Medical is not subject to this language because he served only as a consultant and was not authorized or required to negotiate with prospective purchasers or merger partners, and because he did not offer to, nor did he in fact, do so. Because the record indicates otherwise, we do not agree.

Assets transferred to Davol in this transaction included a leasehold interest in Electro Medical's manufacturing facility. The language of the statutory definition includes one who offers to negotiate the sale of a business by transfer of stock when the business owns a leasehold interest in real estate. *See Brakhage v. Georgetown Associates, Inc.*, 33 Colo.App. 385, 523 P.2d 145 (1974).

In his deposition, Barton stated that he acted to stimulate Davol's interest in Electro Medical and that he arranged a meeting between representatives of the two companies. Barton's deposition also shows that he considered that his agreement with Sitt-

ner encompassed many different services including negotiation of the sale and that Sittner was aware of this. Barton therefore offered to negotiate the sale of Electro Medical and, in fact, brought buyer and seller together. Under these circumstances, Barton's activities brought him within the statutory definition of "real estate broker." Accordingly, since he was not licensed as such, he was not entitled to any fee for his services, *see Benham v. Heyde,* 122 Colo. 233, 221 P.2d 1078 (1950), and summary judgment was properly entered. *See Broughall v. Black Forest Development Co.,* 196 Colo. 503, 593 P.2d 314 (1978); *Brakhage v. Georgetown Associates, Inc., supra.*

The judgment is affirmed.

PIERCE and METZGER, JJ., concur.